[No. 2348. Decided November 16, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
MILES, *Appellant*.

TRIAL — REQUEST FOR WRITTEN INSTRUCTIONS — FAILURE OF COURT TO
COMPLY — IMPEACHMENT OF WITNESS.

The giving of a partly written and partly oral charge to the jury
is error, where written instructions have been requested; and the
fact that a stenographer present in court took down the charge as
given by the judge is not a sufficient compliance with the require-
ments of the statute in that respect.

A witness cannot be impeached as to his truth and veracity by
the testimony of other witnesses that, from their knowledge of his
reputation, they would not believe him under oath.

Appeal from Superior Court, Spokane County.—
Hon. NORMAN BUCK, Judge. Reversed.

*Plummer & Thayer*, for appellant:

The failure of the judge to give the charge in writ-
ing when a request therefor has been made is error
for which the judgment should be reversed. 2 Thomp-
son, Trials, § 2375; *Wettengel v. Denver*, 39 Pac. 343;
*Bowden v. Achor*, 22 S. E. 254; *Sellers v. Greencastle*,
34 N. E. 534; *Dixon v. State*, 13 Fla. 636; *Miller v.
Hampton*, 37 Ala. 342; *People v. Ah Fong*, 12 Cal. 345;
*Ray v. Wooters*, 19 Ill. 82; *State v. Potter*, 15 Kan. 302;
*Swartwout v. Michigan Air Line R. R. Co.*, 24 Mich.
389; *Horton v. Williams*, 21 Minn. 187; *State v. Jones*,
61 Mo. 232; *Bradway v. Waddell*, 95 Ind. 170; *Hopt v.
People*, 104 U. S. 631; *Head v. Langworthy*, 15 Iowa,
235; *Householder v. Granby*, 40 Ohio St. 430; *Patterson
v. Ball*, 19 Wis. 243.

It is competent for witnesses after testifying that
the reputation of a witness for truth and veracity is

bad, to further testify that from their knowledge of his reputation they would not believe him under oath. 1 Thompson, Trials, § 532; *Wilson v. State*, 3 Wis. 799; *Sorrelle v. Craig*, 9 Ala. 534; *Hadjo v. Gooden*, 13 Ala. 721; *People v. Tyler*, 35 Cal. 553; *Massay v. Farmer's* *·National Bank*, 104 Ill. 327; *Nelson v. State*, 32 Fla. 244; *Stokes v. State*, 18 Ga. 17; *Titus v. Ash*, 24 N. H. 319; *Keator v. People*, 32 Mich. 486; *Lyman v. Philadelphia*, 56 Pa. St. 488; *Knight v. House*, 29 Md. 194 (96 Am. Dec. 515); *Adams v. Greenwich Ins. Co.*, 70 N. Y. 166; *Ford v. Ford*, 7 Humph. 92; *Uhl v. Commonwealth*, 6 Grat. 706; *State v. Johnson*, 19 Pac. 749; *Hudspeth v. State*, 50 Ark. 534; *Hamilton v. People*, 29 Mich. 173.

*J. W. Feighan*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

SCOTT, J.—The defendant was convicted of larceny and has appealed. One of the errors complained of is the failure of the court to instruct the jury in writing, the defendant having requested the court to give written instructions. The charge given was partly written and partly oral, and for this reason the case must be reversed and remanded for a new trial.

The fact that a stenographer was present, who took down the charge as given, was not a sufficient compliance with the statute. (Code Proc., § 354, subd. 4.)

Another error complained of was in relation to the impeachment of a witness. Testimony had been introduced to show that his reputation for truth and veracity was bad, and the witnesses were then asked whether from their knowledge of his reputation they would believe him under oath, and the court sustained an objection to the question. We think the weight of authority is now against permitting witnesses to tes-

tify to their opinions in this respect, and the objection was properly sustained.

Hoyt, C. J., and Anders, Gordon and Dunbar, JJ., concur.