[No. 6986.   Decided April 1, 1908.]

WILLIAM E. McINTOSH, *Respondent*, v. SAW MILL PHOENIX, *Appellant*.[1]

MASTER AND SERVANT—GUARDING MACHINERY—NOTICE BY SERVANT —FACTORY ACT.   The failure of an employee to give notice of the unguarded condition of a saw does not, under the factory act, preclude a recovery, since the object of the notice is simply to secure an inspection thereof by the commissioner of labor.

SAME—NATURE OF "GUARD"—REQUIREMENTS OF FACTORY ACT—INSTRUCTIONS.   Where an operator was injured by the cutting of his hand on a hand-fed rotary ripsaw, which was not guarded, and there was evidence that a self-feeding apparatus had previously been in use on the machine and would have avoided the danger, it is error to refuse to give an instruction that the self-feeding apparatus, which made a radical change in the operation of the saw, is not such a guard for a hand-fed saw as is contemplated by the factory act requiring saws to be guarded.

TRIAL—INSTRUCTIONS IN WRITING.   The statute requiring instructions to the jury to be in writing, when so requested, is mandatory, and is not complied with by oral instructions taken down by a stenographer employed by the parties.

SAME.   The proviso to laws 1903, p. 120, that injury must be shown to justify a reversal for the refusal of an instruction or ruling, has no application to the requirement that instructions shall be given in writing when so requested.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered February 11, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee while operating a ripsaw in a sawmill.   Reversed.

*Graves, Kizer & Graves*, for appellant.

*Birdseye & Smith*, for respondent, to the point that in civil cases, a statute requiring instructions in writing is merely directory, cited:   11 Ency. Plead. & Prac. 255, foot note 1; *Galveston etc. R. Co. v. Dunlavy*; 56 Tex. 256; *Daly*

[1]Reported in 94 Pac. 930.

*v. Bernstein,* 6 N. M. 380, 28 Pac. 764. The only object of the law is to preserve the instructions. *State v. Champoux,* 33 Wash. 339, 74 Pac. 557; *State v. Preston,* 4 Idaho 215, 38 Pac. 694; *Penberthy v. Lee,* 51 Wis. 261, 8 N. W. 116. And failure to give written instructions is not ground for reversal unless prejudice is shown. 11 Ency. Plead. & Prac. pp. 256, 257; *Greathouse v. Summerfield,* 25 Ill. App. 296; *Walsh v. St. Louis Drayage Co.,* 40 Mo. App. 339; *Commonwealth v. Barry,* 11 Allen 263; *Deets v. National Bank of Pittsburg,* 57 Kan. 288, 46 Pac. 306; *Swaggart v. Territory,* 6 Okl. 344, 50 Pac. 96; *Boggs v. United States,* 10 Okl. 424, 63 Pac. 969, 65 Pac. 927; *Galveston etc. R. Co. v. Dunlavy, supra; Walton v. Wild Goose Min. & Trading Co.,* 123 Fed. 209; *Schwartzlose v. Meklitz* (Tex. Civ. App.), 81 S. W. 68; *Standard Oil Co. v. Doyle,* 118 Ky. 662, 82 S. W. 271, 111 Am. St. 331.

FULLERTON, J.—The respondent was injured while working as an employee in the appellant's sawmill, and brought this action under the factory act to recover therefor. In his complaint he laid his damages at $2,000, and the jury returned a verdict in his favor for the full amount demanded. However, before the entry of judgment he filed a written waiver for any sum greater than $1,900, and judgment was entered for that sum.

The respondent was injured on a rotary ripsaw. This was a 12-inch circular saw set in an iron frame in the form of a table, and so arranged that the saw projected for some two and one-half inches above its top through a slot made for that purpose. The saw was designed to rip planks lengthwise into any desired width to the limit of its capacity. To that end it had a movable fence or gauge fastened to the table to the right of the saw, which could be so adjusted as to measure the width of the strip cut off. To operate the saw the operator seized the plank to be cut, placed its end against the saw with the edge resting against the gauge, and

then pushed it against the saw until it was ripped for its entire length. At the time of the injury the respondent was ripping planks into strips. of two and one-half inches in width. The particular plank he then held had been cut down almost to the required width, leaving but a narrow strip to be cut off. As the saw progressed through the board and approached the end at which the respondent held the board, it struck a knot, causing the plank to vibrate, throwing his left hand, which was then but an inch or so from the saw, against the saw, and three of his fingers were cut off.

The saw at the time was unguarded, save by a spreader placed just behind it which served the double purpose of keeping the boards from pinching the saw and preventing splinters and other waste pieces from drifting against the rear of the saw and being caught in its teeth and thrown forward towards the operator. The evidence tended to show that it was usual and customary to further guard such saws. The most common device in use being a cap or hood made so as to entirely cover the top of the saw, held in place by an adjustable arm; another was made of wood somewhat in the same shape; all, however, were designed to guard the top of the saw so that the operator's hands could not come in contact therewith. The court permitted evidence, also, that certain machines of this character were fitted with a self-feeding device by which planks were fed into the saw by corrugated rollers and clutches, doing away with the necessity of hand feeding altogether, and that this machine at one time had upon it some such device.

It was further shown that, prior to the time of injury, the appellant's mill was inspected by the commissioner of labor, who issued to the appellant a certificate showing that its mill and equipment complied with the requirements of the factory act, and that during such inspection the saw on which the respondent was injured was especially examined and approved by the inspector, and that no change had been made in its condition between the time of such inspection and approval and the time the respondent was injured.

The respondent was 25 years old at the time of receiving his injury. He had worked for the appellant some three weeks, and had been employed in other mills in the city of Spokane. He was working on this machine by his own choosing. He was employed to work in the lumber yard, but hearing that the operator working on this machine had quit, he applied to the appellant's foreman for the place, and was assigned it. He worked on the machine for a week before he was injured, and made no complaint to the foreman or other officer of the appellant of the unguarded condition of the saw.

It is first assigned that the court erred in refusing to instruct the jury to return a verdict in favor of the appellant; the contention being that the respondent, since he failed to notify his employer of the unguarded condition of the saw, cannot recover under the factory act for any injury suffered because of its unguarded condition. But in *Campbell v. Wheelihan-Weidauer Co.*, 45 Wash. 675, 89 Pac. 161, we held that the failure to give the notice prescribed in § 6 of the factory act was not a prerequisite to the right to recover damages under the act, but that its sole purpose was to enable a workman to procure an inspection by the commissioner of labor of a supposedly defective machine which the employer neglected or refused to remedy.

The testimony relating to the self-feeding attachment was admitted by the court over the appellant's objection. At the conclusion of the evidence the appellant, in writing, requested the court to charge the jury to the effect that a self-feeding attachment to saws of this character was not such a guard as the law contemplated, and that they should eliminate from their consideration the protection that such an apparatus would have afforded the respondent, and the question whether or not he would have received the injury complained of had self-feeding apparatus been in use on the machine. The court refused to give such an instruction, and such refusal constitutes the second error assigned. We think the instruction, or

one of similar import, should have been given. The factory act did not contemplate such a radical change in the operation of machinery as the contrary of this proposition would imply. The ordinary rotary ripsaw is a hand-feeding machine, and the usual and customary way of operating it is to feed it by hand. When the law required the saw to be guarded it did not mean that this method of operating it should be abandoned and some other method adopted; it meant merely that the saw itself should have placed upon it and surrounding it such safeguards as were practical and would not seriously interfere with its operation. Moreover, a glance at the apparatus called a self-feeder, shown in the drawing introduced in evidence, shows it to be a somewhat complicated machine, having an elaborate arrangement of belts, cogwheels, pulleys and rachets, some of which are in as much need of guarding as the saw itself. This machine, we repeat, could in no sense be considered a guard such as was contemplated by the factory act, and the court should so have instructed the jury.

· The appellant requested the court to charge the jury in writing, which the court refused to do because there was a stenographer present taking the evidence and proceedings of the court. The stenographer was one employed by the parties, and in *State v. Mayo*, 42 Wash. 540, 85 Pac. 251, we held that the presence of such a stenographer did not justify a refusal to instruct in writing, and we do not feel that we ought to depart from the rule there announced. In this connection, however, it is well to notice the contention of counsel for the respondent that a refusal to charge in writing when requested is not necessarily fatal to the judgment, since the proviso to the section requires that an injury to the complaining party be shown before such a result follows. But an examination of the whole section shows conclusively that the proviso has no reference to that part of the section requiring the court to charge the jury in writing when requested. This requirement is mandatory, and error follows from a wrongful

refusal to comply therewith.  *State v. Miles*, 15 Wash. 534, 46 Pac. 1047 ; *State v. Mayo, supra*.

The judgment is reversed, and the cause remanded for a new trial.

HADLEY, C. J., ROOT, and CROW, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.