[No. 10659.  Department One.  November 25, 1912.]

The State of Washington, *Respondent*, v. E. E. Andrews, *Appellant*.[1]

Forgery — Joint Prosecution — Acts and "Possession" of Conspirators—Common Design. It is no defense to a joint prosecution for knowingly having in possession a forged instrument with intent to utter it, that the instrument was taken from the actual possession of only one of the conspirators, where there was abundant evidence that they were acting in concert with a common criminal design.

Criminal Law—Appeal—Exceptions — Necessity. Instructions cannot be reviewed on appeal where no exceptions were taken, even where accused is defended by counsel appointed by the court.

Same—Trial—Written Instructions—Waiver. A defendant in a felony case may waive the statutory requirement that the instructions to the jury be given in writing.

Same—Sentence—Minimum Fixed by Statutes. An indeterminate sentence for a term of not less than ten years and not more than twenty years is beyond the power of the court where the maximum allowed was twenty years and the statute expressly limits the minimum term to "not less than six months nor more than five years."

Same—Appeal—Decision—Reduction of Sentence. Where the trial court exceeds its power in imposing a sentence, the supreme court will not order a new trial, but will remand the case for the proper sentence.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 16, 1912, upon a trial and conviction of forgery.  Modified.

*Sidney J. Williams* and *Alfred H. Lundin*, for appellant.

*John F. Murphy, Crawford E. White*, and *Reah M. Whitehead*, for respondent.

Gose, J.—The defendant and one Kastriner were jointly tried and convicted on a charge of knowingly having in their possession a forged instrument with an intent to utter it. The defendant has appealed from the judgment entered

[1]Reported in 127 Pac. 1102.

upon the verdict.   Three errors are assigned:   (1) Insufficiency of the evidence to support the verdict; (2) error in
the instructions, and (3) error in the sentence.   The instrument which forms the basis of the charge is as follows:

Seattle, Wash., 2-4-12, 190          No. 18.
THE STATE BANK OF SEATTLE

Pay to the order of Henry B. Shaw,          $24.80
Twenty four and 80-100 Dollars.
Not over Twenty Five Dollars $25$
Seattle Cornice Works
W. M. Bryant.

Two witnesses, Speight and Yank, jailors at the King
county jail, testified in substance that Kastriner called at
the jail on the date charged in the information at about the
hour of four o'clock in the afternoon, and left a library book
inclosed in a paper, with directions to hand it to appellant;
that the book was opened and found to contain six blank
checks on the State Bank of Seattle; that the book with the
checks was rewrapped and handed to the appellant in his
cell; that Kastriner returned about an hour later and requested permission to see the appellant; that he and the appellant were permitted to talk privately in the jail for about
fifteen minutes, when the witness Beebe, a deputy sheriff,
searched Kastriner and found in his inside coat pocket the
check in question, and four other checks drawn on the State
Bank of Seattle and stamped and signed in the same manner; that a sixth check partially filled out was found on appellant's person, and that a stamp pad was found in his
cell.   The witness Beebe testified, that he took a position
without the jail where he could observe the appellant and
Kastriner; that he saw the former take some papers from
his pocket that looked like checks and hand them to the
latter, who placed them in his inside coat pocket and took
a check book out of his pocket, and handed it to the appellant who put it in his pocket; that when Kastriner was
searched the five drawn checks were the only papers found

on his person.   These witnesses further testified that, after making some denials, both the appellant and Kastriner admitted that the former had given the five drawn checks to the latter, and that the appellant said he had destroyed the stamp or stencil which he had used in signing the checks. The argument is that the check was taken from Kastriner, and that there is no evidence that it was in "their possession;" that is, the possession of both defendants as charged in the information.

It is true that the appellant and Kastriner did not both have the actual physical possession of the check at the same time.   There is, however, abundant evidence that the two were acting in concert, with a common criminal design.   The declarations, therefore, of one are admissible against the other, and the possession of the one was the possession of both.   Where two or more persons conspire to commit a criminal act, the acts and declarations of each in furtherance of the common design are the acts and declarations of all.   *State v. Baker*, 69 Wash. 589, 125 Pac. 1016; *State v. Williams*, 62 Wash. 286, 113 Pac. 780; *State v. Dilley*, 4 Wash. 207, 87 Pac. 133; *State v. McCann*, 16 Wash. 249, 47 Pac. 443, 49 Pac. 216.

There were no exceptions to the instructions.   In the absence of exceptions, we have uniformly held that the instructions will not be reviewed.   *State v. Hatch*, 63 Wash. 617, 116 Pac. 286.   Counsel argue that the rule should be relaxed because the appellant was defended by counsel appointed by the court.   This cannot change the rule.   The counsel may have been influenced by the fact that the evidence of the appellant's guilt was so conclusive that a new trial would have been barren of benefit to him.

It is further complained that the instructions were oral. Counsel stipulated that the court might instruct orally.   It is argued that the statute requiring instructions to be in writing is mandatory, and that its provisions cannot be waived in felony cases.   The rule is that such requirements

may be waived in such cases. *Bruen v. People*, 206 Ill. 417, 69 N. E. 24; *State v. Bungardner*, 66 Tenn. 163; *Voght v. State*, 145 Ind. 12, 43 N. E. 1049. In *State v. Dilley, supra*, a felony case, it was held that the defendants impliedly waived the right to be furnished with a copy of the information. In *State v. Mayo*, 42 Wash. 540, 85 Pac. 251, and *McIntosh v. Saw Mill Phoenix*, 49 Wash. 152, 94 Pac. 930, cited by the appellant, the defendant requested the court to charge the jury in writing, and a noncompliance with the request was held to be error.

The appellant was sentenced for a term of not less than ten years nor more than twenty years. The court had the power to fix the maximum term at twenty years, but the statute' expressly limits the minimum term to "not less than six months nor more than five years." Rem. & Bal. Code, § 2281. Where a court has exceeded its power in imposing a sentence, a new trial will not be ordered, but the case will be remanded to the trial court for the imposition of the proper sentence and judgment. *State v. Gilluly*, 50 Wash. 1, 96 Pac. 512.

Remanded, with directions to enter a judgment in harmony with this opinion.

MOUNT, C. J., PARKER, CROW, and CHADWICK, JJ., concur.