[No. 11223. Department One. September 6, 1913.]

*In the Matter of the Petition of* O. R. BLYSTONE, *for a Writ of Habeas Corpus.*[1]

CRIMINAL LAW—EXCESSIVE SENTENCE. Under Rem. & Bal. Code, § 2281, providing that, where no minimum term of imprisonment is prescribed by law, the court shall fix the same at not more than five years, the court may fix a minimum term of fifteen years for forgery in the first degree, under Id., § 2583, providing a maximum term of twenty years without fixing any minimum term.

HABEAS CORPUS—TO DISCHARGE PRISONER—EXCESSIVE SENTENCE. Habeas corpus does not lie to secure the discharge of a prisoner sentenced to serve an excessive minimum term of imprisonment, prior to the expiration of the minimum term authorized by law, where the court had jurisdiction of the person and of the offense; since the prisoner is not serving in excess of the term which the court had power to impose.

Appeal from a judgment of the superior court for King county, Ronald J., entered December 18, 1912, dismissing an application for a writ of habeas corpus. Affirmed.

*Walter B. Allen,* for petitioner.

*John F. Murphy, Herbert B. Butler,* and *Reah M. Whitehead,* for respondent.

PARKER, J.—In March, 1912, O. R. Blystone having been charged and found guilty of the crime of forgery in the first degree, in the superior court for King county, was sentenced by that court to imprisonment in the penitentiary "for the term of not less than fifteen years nor more than twenty years." He has since then been held in custody by authority

[1]Reported in 134 Pac. 827.

of that judgment and sentence. In December, 1912, he filed his petition in that court seeking a writ of habeas corpus and discharge from custody, upon the ground that the judgment and sentence under which he is held in custody is void. The superior court denied the writ and dismissed his application, from which he has appealed to this court.

The contentions of counsel for appellant are rested upon the theory that the judgment and sentence under which he is held in custody is wholly void and of no effect, because it is in excess of the power of the court to render in such cases. Appellant, being charged and found guilty of "forgery in the first degree," is punishable, as provided by Rem. & Bal. Code, § 2583 (P. C. 135 § 659), "by imprisonment in the state penitentiary for not more than twenty years." No minimum term is prescribed by the law relating specifically to forgery. Rem. & Bal. Code, § 2281 (P. C. 135 § 57), providing for indeterminate sentences, reads:

"Whenever any person shall be convicted of any felony for which no fixed period of confinement is imposed by law, the court shall, in addition to any fine or forfeiture which he may impose, direct that such person be confined in the state penitentiary, or in the Washington state reformatory, as the case may be, for a term not less than the minimum nor greater than the maximum term of imprisonment prescribed by law for the offense of which such person shall be convicted; and *where no minimum term of imprisonment is prescribed by law, the court shall fix the same in his discretion at not less than six months nor more than five years;* and where no maximum term of imprisonment is prescribed by law, the court shall fix such maximum term of imprisonment."

The italicized words are the ones we are here particularly concerned with.

It is manifest that the court was at least in error in sentencing appellant to a term of "not less than fifteen years . . . ," since, by the provisions of § 2281 (P. C. 135 § 57), the minimum time of appellant's imprisonment could not lawfully exceed five years; and the fixing of such mini-

mum time beyond that period was unwarranted by law. It is plain that the minimum time for which the court was authorized by § 2281 (P. C. 135 § 57), to sentence appellant has not yet expired; as it is much less than five years since the rendering of the sentence and judgment. We are not now concerned with the question of what relief appellant may be entitled to in a habeas corpus proceeding as against this sentence and judgment after the expiration of five years following the commencement of his imprisonment thereunder. But the question now is, Does the fact that the minimum time of appellant's imprisonment is fixed at a period in excess of five years render the entire judgment and sentence so far void as to entitle him to be discharged from custody upon habeas corpus?

It is argued by counsel for the state, relying upon our decision in *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042, that counsel for appellant is advancing contentions here which involve nothing but questions of error committed by the superior court in the forgery case against appellant, which are not reviewable upon habeas corpus. We are constrained to agree with counsel for the state in so far as appellant's present custody and imprisonment is concerned, but do not want to be understood as expressing any opinion as to whether his rights touching his imprisonment under this sentence and judgment after the expiration of five years following its commencement might not be inquired into in a habeas corpus proceeding. The authorities do not seem to be in harmony upon the question of the absolute invalidity, in its entirety, of an excessive sentence in a criminal case; though where the excessive portion is readily separable from the portion which is authorized by law, it seems to be held, by the weight of authority, as stated by Justice Jackson, speaking for the court, in *United States v. Pridgeon*, 153 U. S. 48, as follows:

"In *In re Coy*, 127 U. S. 731, 757, Mr. Justice Miller, speaking for the court, said: 'An imprisonment under a

judgment cannot be unlawful, unless that judgment is an absolute nullity; and it is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous.'

"Without undertaking to review the authorities in this and other courts, we think the principle is established that where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence.

"Many well considered authorities in England as well as in this country, hold that where there is jurisdiction of the person and of the offense, the excess in the sentence of the court beyond the provisions of law is only voidable in proceeding upon a writ of error. *Ex parte Lange*, 85 U. S. 18 Wall. 163; *Senott's case*, 146 Mass. 489, 493; *People v. Kelly*, 97 N. Y. 212; *People v. Liscomb*, 60 N. Y. 559; *People v. Jacobs*, 66 N. Y. 8; *Ex parte Shaw*, 7 Ohio St. 81; *Ex parte Van Hagan*, 25 Ohio St. 426; *In re Graham*, 74 Wis. 450; *Elsner v. Shrigley*, 80 Iowa 30; *Ex parte Max*, 44 California 579."

In *De Bara v. United States*, 99 Fed. 942, there was under consideration in the sixth circuit court of appeals, by Judges Taft, Lurton, and Day, a sentence of three years in a case where the maximum sentence authorized by law was only eighteen months. Judge Day, speaking for the court, said:

"Examining the sentence actually passed, we find that the court fixed the term of imprisonment at 3 years, but that the appellant has not yet served the term of 18 months, for which he might have been legally sentenced. The term of imprisonment which the court could have imposed, within the clear limits of its power and jurisdiction, has not yet expired, and, assuming that the sentence has gone beyond the power granted in the statute, the question now presented is, should the writ be granted and the prisoner discharged while

he is yet serving within the time for which he might lawfully have been sentenced? There is considerable conflict of authority in the state decisions as to the effect of a sentence in excess of the powers of the court. It does not seem to us profitable to review them here. We think the case is sufficiently determined by principles laid down in the decisions of the supreme court of the United States. . . .

"Under a writ of habeas corpus the inquiry is, does the judgment exceed the authority of the court, and is the prisoner serving under a sentence beyond the power of the court to impose:

"It is true that the cases wherein the writ has been denied, because a part only of the sentence was within the power of the court to impose, have generally been those in which the judgment was of a clearly separable nature, as for costs and imprisonment, where there was power only to impose the one or the other. We see no reason why the rule should be limited to such cases, and think the true principle to be that, before a prisoner can be discharged upon habeas corpus, it must appear that he is serving by virtue of a judgment which the court had no power to impose. As long as he is serving an imprisonment within the limits of a term which the court might lawfully impose, acting within its power and jurisdiction, he cannot be discharged on habeas corpus, no matter how irregular or erroneous the judgment may be. In the present case the court had power to impose so much of the judgment as is now operative upon the prisoner, and therefore he cannot have relief by the writ of habeas corpus. We have already seen that it was within the power of the court, in any aspect of the case, to impose a sentence upon the prisoner of 18 months. This much of the sentence the prisoner has not yet served. We do not undertake to determine herein what may be the rights of the prisoner at the expiration of the term of 18 months. . . ."

In that case the erroneous part of the sentence was no more readily separable from the valid part than in this case. Here the excess is found only in the minimum fixed by the sentence. We are unable to see that an excess in the maximum time fixed by the sentence, or an excess in the fixing of a definite term, in the absence of an indeterminate sentence

statute, would involve any different principle.   *Elsner v. Shrigley*, 80 Iowa 30, 45 N. W. 393; *People ex rel. Trainor v. Baker*, 89 N. Y. 460; 21 Cyc. 306.

We conclude that the superior court correctly disposed of appellant's application for the writ.   The judgment is affirmed.

CROW, C. J., GOSE, MOUNT, and CHADWICK, JJ., concur.