[No. 19268.   Department One.   July 15, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. G. W.
NICHOLES, *Appellant*.[1]

HOMICIDE (85)—MANSLAUGHTER—EVIDENCE—SUFFICIENCY. A con-
viction of manslaughter is sustained where there was evidence that
the deceased and appellant were together, that accused struck de-
ceased on the chin, that certain of her vertebrae were dislocated,
which could, and likely did, produce death, and that she was shortly
before in good health.

CRIMINAL LAW (156)—EVIDENCE (214)—OPINION EVIDENCE—BASIS
OF OPINION—MEDICAL BOOKS—ADMISSIBILITY. It is not prejudicial
error to allow a medical expert to read statements from a medical
book and state whether they were correct, where they agreed with
the expert's opinion.

CRIMINAL LAW (419)—APPEAL—RECORD—ADMISSIBILITY OF EVI-
DENCE. Error can not be assigned on the exclusion of defendant's
service record, as hearsay and self-serving, when it is not made a
part of the record on appeal.

SAME (449)—HARMLESS ERROR—EXCLUSION OF EVIDENCE. It is
not prejudicial error, in a criminal case, to exclude defendant's
service record, where it was admitted at the trial that he was at
the time a sailor in the navy in good standing, and an officer testified
that he was a man of good standing and character.

SAME (464)—PUNISHMENT—TERM OF IMPRISONMENT. Upon a con-
viction of manslaughter, the court must, in a sentence to the peni-
tentiary, fix the minimum sentence at not less than six months,
under Rem. Comp. Stat., § 2395, which fixes no minimum for the
penitentiary sentence, and Id., § 2881, which provides that, for a
felony sentence where the law imposes no minimum period of con-
finement, the term shall be for not less than six months.

SAME (455)—APPEAL—DECISION—REDUCTION OF SENTENCE. Where
a court has exceeded its power in imposing a sentence, the cause
will be remanded for imposition of the proper sentence.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered October 18, 1924, upon
a trial and conviction of murder. Remanded for cor-
rection of sentence.

[1]Reported in 237 Pac. 706.

*Edgar S. Hadley,* for appellant.

*J. W. Selden* and *J. A. Sorley,* for respondent.

BRIDGES, J.—The appellant was charged with murder in the first degree. He was found guilty of manslaughter.

It is first contended that the evidence was insufficient to justify the verdict, in that it failed to show beyond a reasonable doubt that the appellant was the direct or contributing cause of the death. The deceased was a young lady. She and the appellant were alone together at the time of the death. An autopsy showed that the vital organs of the deceased were, for the most part, normal; that there was a severe bruise upon her chin and another bruise on the right side of her head immediately above the ear. This last bruise was not very severe and did not fracture the skull. Her lips were also somewhat cut. Certain of the vertebrae in the neck were dislocated, or, in ordinary parlance, the neck was broken. The doctors performing the autopsy testified that a blow upon the chin could have dislocated the vertebrae in the neck, and that the death was the result of the dislocation of the vertebrae. Two or three witnesses testified that the appellant had told them that he had gotten mad at the deceased and had struck her on the chin with his fist. The testimony also showed that, a few minutes before her death, she was in good health.

It is clear to us that this testimony, together with some other to which we have not called particular attention, was amply sufficient to justify the jury in returning the verdict which it did. The fact that some of appellant's expert medical witnesses testified that no person could tell from the autopsy report and the testimony of the doctors making the autopsy what caused the death, cannot be sufficient to take the case from the jury. It had before it much other testimony

which was very pertinent. There was evidence that the deceased and appellant were together; that he struck her on the chin; that certain of her vertebrae were dislocated; that that condition could and would likely cause death; that shortly before the blow she was in good health, and that she did not die from natural causes.

It is further contended that the court erred in connection with the cross-examination of Dr. Larson, called by the appellant. The prosecuting attorney, in cross-examining this witness concerning death resulting from dislocation of the vertebrae, read certain statements from a designated medical book and asked the witness whether such statements were correct. It is said that this examination was in violation of appellant's rights because the authorities generally hold that, since medical works are not admissible as independent evidence, courts will not permit the rule to be violated indirectly by allowing counsel to place such medical works before the jury on cross-examining a medical expert witness who does not base his opinions thereon and who has not alluded to them on direct examination. It is not necessary for us to determine whether the cross-examination was proper. If it be conceded that it was improper, still the sentence cannot be reversed on that account because the witness did not disagree with the statements read by the prosecuting attorney from the medical book. Indeed, the opinion expressed by the witness and that by the book were harmonious. Under these circumstances, it cannot be said that any prejudice resulted from the manner of the cross-examination.

The next assignment of error is the refusal of the court to admit a certain service record of the appellant showing his service during six years in the navy. The court held that the instrument offered in evidence was

hearsay and self-serving. The document in question was made a part of the record by offering it for identification. It is not now in the record. It is shown that it had been previously withdrawn and no copy took its place. Under these circumstances, we are unable to tell whether the instrument should have been admitted. But in no event could the ruling of the court be prejudicial to the appellant. It was admitted throughout the trial that he was a sailor and that at the time of the crime he was connected with the U. S. S. Arizona, which at that time was in the Tacoma harbor. The boat's surgeon testified that he had known the appellant as a sailor on this boat for about a year and that he was a man of good standing and character, and there was nothing at all in the testimony even tending to dispute that he was a sailor in good standing. The admission of the document which was ruled out could not have proven any more than this.

The next assignment of error is that the court erred in sentencing appellant to an indeterminate period of from fifteen to twenty years in the penitentiary. We think this assignment of error must be sustained. Section 2395, Rem. Comp. Stat. [P. C. § 9000], reads as follows:

"Manslaughter is punishable by imprisonment in the state penitentiary for not more than twenty years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both fine and imprisonment."

It will be noticed that this section fixes the maximum but does not fix the minimum of the penitentiary sentence. Section 2281, Rem. Comp. Stat. [P. C. § 8716], reads as follows:

"Whenever any person shall be convicted of any felony for which no fixed period of confinement is imposed by law, the court shall, in addition to any fine or

forfeiture which he may impose, direct that such person be confined in the state penitentiary, . . . for a term not less than the minimum nor greater than the maximum term of imprisonment prescribed by law for the offense of which such person shall be convicted; and where no minimum term of imprisonment is prescribed by law, the court shall fix the same in his discretion at not less than six months nor more than five years; and where no maximum term of imprisonment is prescribed by law, the court shall fix such maximum term of imprisonment.''

It will be seen that this section fixes a minimum at not less than six months nor more than five years. The court erred in fixing the minimum at fifteen years. *In re Blystone,* 75 Wash. 286, 134 Pac. 827.

Where a court has exceeded its power in imposing a sentence a new trial will not be ordered, but the case will be remanded to the trial court for the imposition of the proper sentence and judgment. *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102.

The cause is remanded to the superior court for sentence in accordance herewith.

Tolman, C. J., Parker, Askren, and Main, JJ., concur.