[No. 19399.  Department Two.  September 3, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES
FAIRCHILD, *Appellant.*[1]

CRIMINAL LAW (458)—PUNISHMENT—EXCESSIVE SENTENCE.  One
convicted of manslaughter cannot be sentenced to imprisonment for
a minimum term of more than five years, under Rem. Comp. Stat.,
§ 2395, fixing a maximum of twenty years, without any minimum
for manslaughter, and Id., § 2281, providing a minimum of not less
than six months nor more than five years where no minimum has
been prescribed by law.

Appeal from a judgment of the superior court for
King county, Hall, J., entered February 7, 1925, upon
a trial and conviction of manslaughter.  Reversed.

*John F. Dore,* for appellant.

*Ewing D. Colvin* and *Allen Peyser,* for respondent.

MITCHELL, J.—Appellant was charged with the crime
of murder in the first degree.  He was found guilty of
manslaughter.

There is only one assignment of error.  The judg-
ment provides that the appellant be punished by con-
finement at hard labor in the state penitentiary for
not less than nineteen years and eleven months and not
more than twenty years.  Appellant's contention is
that the minimum term fixed by the judgment is in ex-
cess of that provided for by statute.

The assignment must be sustained.  The prosecuting
attorney confesses it.  Rem. Comp. Stat., § 2395 [P. C.
§ 9000], fixing the punishment for manslaughter pro-
vides, among other things, for "imprisonment in the
state penitentiary for not more than twenty years"
and fixes no minimum term.  Rem. Comp. Stat., § 2281
[P. C. § 8716], says, among other things, "where no

[1]Reported in 238 Pac. 922.

minimum term of imprisonment is prescribed by law, the court shall fix the same in his discretion at not less than six months nor more than five years.''

Under the statutes and the case of *State v. Nicholes,* 135 Wash. 333, 237 Pac. 706, and *In re Blystone,* 75 Wash. 286, 134 Pac. 827, therein cited, the judgment herein is reversed and the cause remanded to the superior court for a re-sentence according to the views herein expressed, the judgment or sentence to commence from and bear date of the judgment appealed from.  Appellant will recover his costs on the appeal.

TOLMAN, C. J., ASKREN, MACKINTOSH, and MAIN, JJ., concur.