[No. 20400. Department One. July 30, 1927.]

# THE STATE OF WASHINGTON, *Respondent*, v. FRANK W. WHIDDEN, *Appellant*.[1]

[1] CRIMINAL LAW (34)—VENUE—CHANGE—DISCRETION. The denial of a change of venue on the ground of local prejudice will not be disturbed where there is nothing to indicate an abuse of discretion.

[2] SAME (371)—JUDGMENT—SENTENCE—REQUISITES. Under Rem. Comp. Stat., § 2436, prescribing a minimum term of imprisonment for rape, and Id., § 2281, providing that, where no maximum term is prescribed for a felony, the court shall fix such maximum, a sentence for rape "for a period of not less than twenty years" is an irregularity, which accused is entitled to have corrected by fixing the maximum.

[3] SAME (456)—APPEAL—REVERSAL—DIRECTING JUDGMENT IN LOWER COURT. Where the court has irregularly sentenced accused without fixing the maximum period of confinement, the cause will be remanded with directions to correct the sentence without any new trial.

Appeal from a judgment of the superior court for Mason county, Wright, J., entered June 16, 1925, upon a trial and conviction of rape. Remanded for proper sentence.

*Rickabaugh & McElroy* and *Hugo Metzler,* for appellant.

*J. W. Graham,* for respondent.

PER CURIAM.—The appellant was accused and convicted by the verdict of a jury of the crime of rape upon a female child over the age of ten and under the age of fifteen years.

The errors assigned are, first, that the court erred in refusing to grant the defendant's motion for a change of venue; second, that the evidence is insufficient to sustain the verdict; and, third, that the court erred in the sentence it pronounced against the defendant.

[1]Reported in 258 Pac. 318.

[1] The motion for a change of venue was based on the ground of local prejudice, but we find nothing to indicate that the court abused its discretion in denying the motion.

The second objection is also without foundation. It would not be enlightening to review the proofs in detail. It is sufficient to say that an examination of the evidence convinces us that it abundantly sustains the finding of the jury.

[2] There was, however, error in the sentence imposed. The statute under which the appellant was convicted (Rem. Comp. Stat., § 2436) [P. C. § 9108], prescribes the minimum term of imprisonment which may be imposed for the crime of rape, but does not prescribe the maximum term which may be so imposed. The statute further provides (Ib. § 2281) that, whenever any person shall be convicted of a felony, where no maximum term of imprisonment is prescribed by law, the court shall fix such maximum term of imprisonment. In this instance, the sentence was to imprisonment "in the state penitentiary . . . for a period of not less than twenty years." In other words, the court fixed the minimum period of confinement, but did not fix the maximum period, and in this respect the sentence does not comply with the mandate of the statute.

The sentence is not void. It is irregular merely. On a collateral attack, the court would possibly hold that it fixed both the maximum and minimum period of confinement. But the defendant is entitled to have the sentence definite and certain with respect to the period of confinement, and since he attacks the sentence directly by appeal, we are constrained to hold that he is entitled to have it corrected as to the matter of which he complains.

[3] There is no cause for a new trial. The error is

in the sentence only, and this can be corrected by the imposition of a proper sentence. *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102; *State v. Nicholes,* 135 Wash. 333, 237 Pac. 706.

Matters are brought to our attention, occurring, or at least discovered, since the trial, which would indicate that the sentence imposed was unduly severe. This question, however, we shall not determine. They may be brought to the attention of the trial court when the defendant is brought before it for re-sentence, and taken into consideration by it when the re-sentence is imposed.

Reversed and remanded.