[No. 20912.  Department Two.  December 9, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. P. J. RYAN, *Appellant*.[1]

[1] CRIMINAL LAW (375) — JUDGMENT (110) — MODIFICATION FOR MISTAKE. In the absence of an appeal from an erroneous sentence in excess of the minimum provided by law, and of any steps, within one year under Rem. Comp. Stat., §§ 303 or 464, for relief for mistake, inadvertence or excusable neglect, the court is powerless to correct the judgment, and the defendant is precluded from relief until such time as he has commenced to serve a part of the excessive minimum sentence.

Appeal from an order of the superior court for Pierce county, Hodge, J., entered April 9, 1927, denying a motion to vacate a judgment upon a trial and conviction of grand larceny. Affirmed.

*Henry Clay Agnew*, for appellant.

*J. A. Sorley, Bertil E. Johnson*, and *Edward Hofstede*, for respondent.

HOLCOMB, J.—On March 20, 1925, appellant, having been convicted, on a plea of guilty, of the crime of grand larceny, was sentenced by one of the judges of the superior court for Pierce county to a term of not less than ten years nor more than fifteen years. No appeal was taken from that judgment and sentence, and it became final. Nothing further was done in the matter until January 29, 1927, when appellant, having procured counsel, moved the court below to vacate and set aside the judgment and sentence and substitute a new sentence in conformity with the law.

This motion was denied by the lower court, for the reason that more than one year had expired after the entry of the judgment and sentence, and that all rights to move against the judgment and sentence and to

¹Reported in 261 Pac. 775.

appeal had expired, and that therefore the court was without jurisdiction to entertain the motion.

Appellant thereupon applied to this court for a writ of mandamus, directing the superior court for Pierce county to assume jurisdiction and entertain and dispose of the motion upon the merits. The petition for writ of mandamus was denied by this court on May 13, 1927.

On June 8, 1927, appellant served and filed his notice of appeal from the order of the lower court denying his motion to vacate and modify the judgment and sentence, and perfected his appeal to this court.

[1] Appellant cites the statute (Rem. Comp. Stat., § 2605), which provides that the maximum term of imprisonment shall be fifteen years, but does not provide a minimum term, and cites Rem. Comp. Stat., § 2281 [P. C. § 8716], providing that, where no minimum term of imprisonment is prescribed by law, the court shall fix the same, in his discretion, at not less than six months nor more than five years. Appellant then contends that the portion of the judgment fixing a minimum of ten years is void on its face, and that a court has inherent power to correct a void judgment at any time, no matter in what manner it is called to his attention.

8 R. C. L. 245 is quoted, as follows:

"If an illegal sentence has been pronounced, the court has power to substitute a legal sentence, and its right to do this is not impaired by the circumstance that the illegal sentence has been partly executed, though that circumstance will undoubtedly be considered by the court in determining the extent of the defendant's punishment."

The above text deals with *nunc pro tunc* entries to correct formal errors. In its introductory portion it states that:

"Mere formal or clerical errors or omissions or mistakes in the entries of the clerk concerning matters of procedure in criminal cases may be corrected by nunc pro tunc orders. . . . But to enable the court to correct a mistake in a judgment entry summarily, on motion, it must appear to be a mere clerical misprision, and not an error of the court." 8 R. C. L. 249.

A misprision in practice is defined to be a clerical error or mistake made by a clerk or other judicial or ministerial officer in writing or keeping records. Black's Law Dictionary, p. 784.

In 7 R. C. L. 1019, 1020, the inherent power of a court of record to correct its records is stated as follows:

"This power to correct clerical errors and misprisions extends to criminal as well as civil cases, and it would seem that no lapse of time will divest the court of its power, or absolve it from its duty, to supply deficiencies in the records of its own proceedings, where justice and truth of a case require it. A court may amend its record in the matter of clerical misprisions so as to make it conform to the truth even after the term has expired, and error brought, and where a court has amended omissions in its records which occurred at a previous term, the record thus amended stands as if it had never been defective, or as if all the entries had been made and completed at the previous term. In the exercise of this power of amendment, the court is not, however, authorized to do more than to make its records correspond to the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never in fact given."

In the same work, on the topic of Judgments, 15 R. C. L. 622, it is said:

"The office of a judgment nunc pro tunc is to record some act of the court done at a former time which was not then carried into the record, and the power of a court to make such entries is restricted to placing upon

the record evidence of judicial action which has been actually taken. It may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. If the court has not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper judgment, it has no power to remedy these errors or omissions by ordering the entry nunc pro tunc of a proper judgment.''

Here, the record accurately inscribed the judgment pronounced.

Appellant also quotes and relies upon 34 C. J. 220, as follows:

''Where terms of court are abolished, and the court is deemed to be continuously in session, the general rule of control during the term has no application, and relief against a final judgment may be had only in the manner and within the time provided by statute, except that judgments inadvertently or improvidently made, or prematurely entered, may be vacated under the inherent power of the court, and judgments void on their face may be vacated at any time in accordance with the general rule.''

But the same work also contains the following statement of the law:

''Statutes conferring power to amend, open, or vacate judgments, and regulating to a greater or less extent the time within, and the grounds upon, which such power may be exercised exist in several jurisdictions, and govern all cases falling within their provisions.'' 34 C. J. 221.

Among the states where the rule is that such statutes govern relief from such judgments, is this state. *Coyle v. Seattle Electric Co.,* 31 Wash. 181, 71 Pac. 733; *McCaffrey v. Snapp,* 95 Wash. 202, 163 Pac. 406. In the *Coyle* case, *supra,* where it was held that the *nunc pro tunc* entry made by the court, upon the belief that its first ruling upon a motion for a new trial was erroneous, was void, it was said:

"The first order entered upon the motion for new trial was a judgment; not the final judgment in the case, to be sure, but it was final upon that subject, was appealable under the statute, and under *Burnham v. Spokane, supra* [18 Wash. 207, 51 Pac. 363], could only be corrected for mere error by appeal."

The other Washington cases cited are to the same effect.

This state has statutes (§ 303 and § 464 *et seq.,* Rem. Comp Stat.) [P. C. §§ 8336, 8130], providing for relief against judgments for mistake, inadvertence and excusable neglect. These statutes, together with the statutory right of appeal within the appealable period, are exclusive. *Keith v. Rose,* 59 Wash. 197, 109 Pac. 810; *State ex rel. Pacific Loan & Inv. Co. v. Superior Court,* 84 Wash. 392, 146 Pac. 834; *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338.

The judgment in this case was not wholly void, but, at most, voidable. The excessive part of the sentence was an error of law, but one made by a court of record and of competent jurisdiction. Had the case been appealed, the trial court would have been directed to let the conviction, which was lawful, stand, but to pronounce the proper sentence. *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102; *State v. Clark,* 98 Wash. 81, 167 Pac. 84; *State v. Nicholes,* 135 Wash. 333, 237 Pac. 706; *State v. Fairchild,* 136 Wash. 132, 238 Pac. 922.

Although the minimum sentence pronounced by the trial court was excessive under our statute, it was not an absolute nullity. *In re Blystone,* 75 Wash. 286, 134 Pac. 827. Nor is appellant precluded, under the above authority, from applying for relief by some appropriate method when he has begun to discharge a part of the excessive minimum sentence. See, also: *In re Coy,* 127 U. S. 731; *United States v. Pridgeon,* 153 U. S. 48; *De Bara v. United States,* 99 Fed. 942.

Under the statute, the minimum of not more than five years in the penitentiary should have been imposed. At the expiration of that time, appellant would be eligible to be considered by the state parole authorities for parole. In the event such authorities refuse to consider and act thereon at the expiration of the five-year period from the time of his commitment, he may then institute such proceedings as may seem advisable and proper.

The judgment is affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and MAIN, JJ., concur.