[No. 24014.   Department Two.   August 16, 1932.]

THE STATE OF WASHINGTON, *on the Relation of* CECIL SCAGGS, *Plaintiff*, v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY *et al., Defendants.*[1]

*W. G. Coleman*, for relator.

*The Attorney General, John A. Homer, Assistant, R. M. Burgunder, Bertil E. Johnson,* and *Hilton B. Gardner*, for respondents.

BEALS, J.—During the month of December, 1920, Cecil Scaggs, on his plea of guilty to an information charging him with murder in the second degree filed in the superior court for Pierce county, was sentenced to confinement in the state penitentiary at Walla Walla for not less than thirty years nor more than fifty years. He was received at the prison December 30, 1920, since which time he has been confined therein.

After serving eleven years and three months of his sentence, Scaggs applied for a parole. His application was denied, the prison board ruling that he was

[1]Reported in 13 P. (2d) 1086.

not eligible for parole until he had served the minimum sentence fixed by the court. Thereafter, claiming that under the law he was eligible for parole, Scaggs filed in the superior court for Walla Walla county his petition for a writ of habeas corpus, naming as respondents the warden of the state penitentiary and the members of the parole board of the Washington state penitentiary. Prior to the hearing on the writ, the prosecuting attorney of Pierce county intervened in the proceeding, and the prosecuting attorney of King county appeared and participated in the argument as amicus curiae. The matter was submitted to the superior court upon the pleadings, the court ruling, as matter of law, that Scaggs was entitled to no relief.

Upon the denial of his petition for a writ of habeas corpus, this proceeding was instituted on relation of Cecil Scaggs, who filed herein his petition for a writ of review, seeking to bring before this court for review the record of the proceedings before the superior court for Walla Walla county. An order to show cause was issued, in response to which the defendants appeared and demurred to the petition upon the ground that the same fails to state facts sufficient to entitle relator to the relief prayed for, or to any relief. All the pertinent facts appear upon the face of the record.

No question is raised as to the procedure followed by Scaggs, either in the superior court or in this court, in order to present the question which he desires to have judicially determined, and we have considered and will determine the issues as presented. We also assume, without deciding, that Scaggs was entitled to present his case to the superior court for Walla Walla county by way of an application for a writ of habeas corpus, no contention to the contrary being urged by any of the parties to the proceeding.

It is contended on behalf of Scaggs that, under Rem. Comp. Stat., § 2393, defining murder in the second degree, the statutory minimum sentence to be imposed upon one convicted of that crime is ten years, and that so much of the sentence which he is serving as fixes a minimum in excess of ten years is void. This contention is based upon the following portion of the section referred to:

"Murder in the second degree shall be punished by imprisonment in the state penitentiary for not less than ten years."

In connection with the section of the statute above referred to, plaintiff relies upon Rem. Comp. Stat., §§ 2281 and 2282, which read as follows:

"Whenever any person shall be convicted of any felony for which no fixed period of confinement is imposed by law, the court shall, in addition to any fine or forfeiture which he may impose, direct that such person be confined in the state penitentiary, or in the Washington state reformatory, as the case may be, for a term not less than the minimum nor greater than the maximum term of imprisonment prescribed by law for the offense of which such person shall be convicted; and where no minimum term of imprisonment is prescribed by law, the court shall fix the same in his discretion at not less than six months nor more than five years; and where no maximum term of imprisonment is prescribed by law, the court shall fix such maximum term of imprisonment." § 2281.

"The state board of control, acting in conjunction with the warden of the state penitentiary, or the board of managers of the Washington state reformatory, acting in conjunction with the superintendent of such reformatory, as the case may be, may at any time after the expiration of the minimum term of imprisonment for which such prisoner was committed thereto, direct that any prisoner confined in such institution shall be released on parole upon such terms and conditions as in their judgment they may prescribe in each case." § 2282.

Other crimes, for example, arson, robbery, burglary in the first degree, assault in the first degree, etc., are punishable, under the statute, by confinement in the state penitentiary for not less than certain minimum terms of years fixed in the statute, just as the crime of murder in the second degree is punishable. The question is whether, under such a statute, one convicted of a crime so punishable may be sentenced to confinement in the state penitentiary for a minimum term of years greater than the minimum named in the statute.

Under the statutes as the same existed prior to 1907, trial courts, generally speaking, were authorized to impose sentences for definite terms of years within the minimum and maximum limits prescribed by law. This court very generally refused to review the terms of imprisonment fixed by the superior courts. *State v. Burton*, 27 Wash. 528, 67 Pac. 1097; *State v. Van Waters*, 36 Wash. 358, 78 Pac. 897; *State v. Patchen*, 37 Wash. 24, 79 Pac. 479.

In 1907, the legislature enacted a law covering the matter of sentences to confinement in the state penitentiary (Laws 1907, chap. 155, p. 341), and at the same session passed an act relating to sentences to and confinement in the state reformatory (Laws 1907, chap. 167, p. 385 [Rem. Comp. Stat., §§ 10280 *et seq.*]). By § 1, chapter 155, Laws of 1907, p. 341, it was provided that the superior court should not fix the limit or duration of the sentence, the period of confinement thereunder to be determined as provided in the act. Chapter 167, Laws of 1907, was repealed by chapter 212, Laws of 1927, p. 323 (Rem. 1927 Sup., §§ 10280-1 *et seq.*), while in 1909 the legislature enacted a complete criminal code (Laws 1909, chap. 249, p. 890 [Rem. Comp. Stat., §§ 2253 *et seq.*]), § 52 thereof expressly repealing chapter 155, Laws of 1907. Section 29, chapter

249, Laws of 1909, p. 897, has become Rem. Comp. Stat., § 2281, and is above quoted.

It is significant that the legislature eliminated the provision contained in the law of 1907 to the effect that the superior court "shall not fix the limit or duration of the sentence." As the law has stood since 1909, it simply provides, as to murder in the second degree and certain other crimes, that the sentence shall not be less than some prescribed minimum.

This court, in the case of *State v. Clark,* 98 Wash. 81, 167 Pac. 84, used the following language:

"In this case the appellant was sentenced to the state penitentiary at Walla Walla 'for a period of nine years.' Whether this nine years was intended as the minimum or the maximum does not appear. The judgment should have recited that the appellant be imprisoned in the state penitentiary for a minimum period, fixed by the court in the exercise of a judicial discretion—but not less than five years (the minimum fixed by the statute)—and for not more than the number of years fixed by the court as the maximum."

In the case of *State v. McMullen,* 142 Wash. 7, 252 Pac. 108, it was held that a sentence of at least eight nor more than fifteen years for statutory rape will not be held excessive, being within the limits of Rem. Comp. Stat., § 2436, providing that the sentence shall not be less than five years but fixing no maximum limit.

It was held, in the case of *State v. Whidden,* 144 Wash. 511, 258 Pac. 318, that a minimum sentence of not less than twenty years, imposed upon conviction of the crime of rape, under a statute which provided that the sentence should be not less than five years, should also include a maximum term of imprisonment, but the sentence for a term greater than the minimum prescribed by law was impliedly upheld.

Counsel for Mr. Scaggs relies upon the rule that

criminal statutes should be construed strictly as against the state, the rule being well stated in 16 C. J., title "Criminal Law," page 1360, § 6:

"Statutes prescribing punishment are strictly construed, and must be construed together. They never are construed against an accused or a convicted person beyond their literal and obvious meaning. If a statute creating or increasing a penalty is capable of two constructions it should be construed so as to operate in favor of life and liberty."

We are in accord with the rule laid down in the text cited, but "it is the legislature, not the court, which is to define a crime and ordain its punishment" (*United States v. Wiltberger,* 18 U. S. (5 Wheat.) 76, quoted in 10 A. L. R. 1129), and when the legislative authority has spoken clearly, the courts have only to enforce the statute.

Counsel for plaintiff cites several cases in support of his contention that the sentence imposed was invalid, in so far as it fixed a minimum in excess of the ten year period fixed by the statute, but we find none of them in point, save the case of *Ex Parte Melosevich,* 36 Nev. 67, 133 Pac. 57, in which the supreme court of Nevada construed a statute of that state in accordance with the contention of counsel for relator.

The question here presented is important, and we have examined the authorities cited and considered the briefs filed herein with particular care. We are satisfied that the doctrine laid down by the supreme court of Nevada in the case cited should not be followed, and that the statutory minimum of ten years fixed in the act defining murder in the second degree above referred to simply prescribes a minimum period for all sentences to be imposed upon persons convicted of the crime defined by that section, but that, in imposing sentences thereunder, the superior court may impose a

sentence based upon a minimum period of confinement greater than that prescribed in the statute.

It follows that the sentence imposed upon Cecil Scaggs by the superior court for Pierce county, under which he is now confined in the state penitentiary at Walla Walla, was and is a valid sentence, and that the superior court for Walla Walla county properly ruled that Cecil Scaggs was, in the proceeding instituted before that court, entitled to no relief.

The order to show cause issued herein upon the petition for a writ of review is quashed, and this proceeding dismissed.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.