[No. 24036. Department One. November 17, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. EELI
SIVIIA, *Appellant.*[1]

A. P. *Wilson,* for appellant.

*Cecil C. Hallin* and *J. E. Stone,* for respondent.

MITCHELL, J.—Eeli Siviia was convicted of viola-
tions of the state prohibition law, and at the same
time, by a special verdict, was found to have been
formerly convicted of violations of the same law. He
has appealed from the judgment and sentence on the
verdicts.

In the trial of the case, he was present and also
represented by counsel. At the conclusion of the evi-
dence, the written instructions to the jury, satisfac-
tory to both sides, were prepared and signed by the
trial judge. With the consent of the state and the
appellant, the judge then told the jury that the attor-
neys by stipulation had agreed it would not be neces-
sary for the court to read the instructions to the jury;
that written instructions had been prepared, and that
the jury would take them to the jury room for their
consideration. Counsel on both sides waived argu-

[1]Reported in 15 P. (2d) 1113.

ments to the jury. The jury took the written instructions to the jury room to be used in their deliberations.

█ The sole assignment of error on the appeal is that the court should not have submitted the case to the jury "without having first read his written instructions to the jury." Stated in another way, the question is: Was the appellant bound by his waiver in open court of the provision of Rem. Comp. Stat., § 339, and Rule of Practice IV, Rem. 1927 Sup., § 308-4, that the written charge of the court shall be read to the jury. The argument is that the statute is mandatory, and that its provisions cannot be waived.

The same kind of argument was made in the case of *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102, where, upon stipulation, instructions were given orally rather than in writing, as provided by statute, and it was held (quoting the syllabus):

"A defendant in a felony case may waive the statutory requirement that the instructions to the jury be given in writing."

Upon principle and the authority of that case, it must be held there was no error in this case in giving effect to appellant's consent that the written instructions might be taken by the jury without being read to them by the court.

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and HERMAN, JJ., concur.