[No. 28202. Department Two. December 31, 1940.]

C. R. WILLIAMS, *Appellant*, v. JAMES M. McCAULEY, *as Warden of the State Penitentiary, Respondent.*[1]

[1]Reported in 108 P. (2d) 822.

*Adam Beeler* and *Josiah Thomas,* for appellant.

*The Attorney General* and *W. A. Toner, Assistant,* for respondent.

JEFFERS, J.—C. R. Williams filed, in the superior court for Walla Walla county, his petition for a writ of *habeas corpus,* wherein he alleged that he was being illegally held and imprisoned in the Washington state penitentiary, and had been so held since May 28, 1934, under and by virtue of a judgment and sentence rendered and imposed by the superior court for Lewis county, in cause No. 1199; that the judgment and sentence were based upon a conviction of the crime of first degree forgery and provided that petitioner should be committed to the state penitentiary for a term of not less than fourteen and not more than twenty years. It is further alleged that the judgment and sentence imposed were in violation of the indeterminate sentence law, which was in full force and effect at the time petitioner was sentenced, and particularly in violation of Rem. Rev. Stat., § 2281 [P. C. § 8716], which provides:

"Whenever any person shall be convicted of any felony for which no fixed period of confinement is imposed by law, the court shall, in addition to any fine or forfeiture which he may impose, direct that such person be confined in the state penitentiary, or in the Washington state reformatory, as the case may be, for a term not less than the minimum nor greater than the maximum term of imprisonment prescribed by law for the offense of which such person shall be convicted; and where no minimum term of imprisonment is prescribed by law, the court shall fix the same in his discretion at not less than six months nor more than five years . . . "

It is further alleged that the minimum sentence imposed upon petitioner was in excess of any legal

minimum that could have been imposed for the crime of which petitioner was convicted, and that the judgment of the court in fixing a fourteen year minimum was therefore in excess of its jurisdiction.

The matter came on for hearing before the court, and at such hearing it was admitted by defendant, in open court, that petitioner was and had been confined under the judgment above referred to, which judgment and sentence provides that petitioner shall be confined in the state penitentiary for a term of not less than fourteen years nor more than twenty years; and that petitioner has been confined for the full period of five years. It was further admitted that petitioner was sentenced under the indeterminate sentence law, and that the maximum minimum which the court could lawfully have imposed was five years.

On this state of facts, petitioner contended, and here contends, that he is entitled to be discharged from custody.

The trial court, at the close of the hearing, made and entered an order, which provides in part as follows:

"It is ordered by the court that any part of the petitioner's minimum sentence in excess of five years be and the same is hereby declared void.

"It is further ordered that the board of prison terms and paroles bring the applicant before it and consider him for parole in all respects as the said board would have considered him had the court fixed his minimum sentence at five years; that in all other respects the petition be denied."

Petitioner has appealed from the order entered.

Appellant contends that, inasmuch as the trial court held and decided that a portion of appellant's sentence in excess of five years was void, he is entitled to the writ of *habeas corpus,* as that is the only remedy by

4

which he can obtain relief from a judgment and sentence declared void.

Respondent contends that the judgment is not void, but at most is only voidable, and while conceding that the minimum sentence of fourteen years was unauthorized and beyond the power of the court to impose, notwithstanding that fact, appellant, not having served the maximum of twenty years, which was legally imposed, is not entitled to his discharge. In other words, it is respondent's contention that the entire judgment and sentence is not void because the court fixed a minimum which it was not authorized to impose.

Under the indeterminate sentence law in force at the time appellant was sentenced, no court would have had the power to have ordered appellant discharged from custody after he had served his legal minimum sentence, but before he had served the legal maximum sentence imposed.

In much of appellant's argument, he refers to the judgment as being void, but this conclusion is based entirely upon the fact that the minimum sentence alone was erroneously imposed. In a great deal of his brief, appellant seems to overlook the fact that the maximum sentence was correctly imposed and had not been served. We may concede, as a general proposition, that, if appellant had now served a term which is equal to any maximum which the court could legally impose, appellant's contention would have merit, but the weight of authority, including that of our own state, is contrary to appellant's contention, under a state of facts such as here presented.

In view of the extent to which Judge Paul's order goes, we desire to briefly discuss the purpose of a writ of *habeas corpus*.

In *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042,

we quoted from Passmore Williamson's Case, 26 Pa. St. 1, as follows:

" 'A *habeas corpus* is not a writ of error. It cannot bring a case before us in such a manner that we can exercise any kind of appellate jurisdiction in it. On a *habeas corpus,* the judgment of even a subordinate court cannot be disregarded, reversed, or set aside, however clearly we may perceive it to be erroneous, and however plain it may be that we ought to reverse it if it were before us on appeal or writ of error. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until it is regularly brought up for revision.' "

The opinion continues:

"All the courts acknowledge the existence and binding force of this general rule, but when we come to consider what constitutes error and what constitutes a want of jurisdiction they differ widely. The error complained of in the matter of drawing and selecting the jury manifestly did not go to the jurisdiction of the court, and cannot be considered at this time."

See, also, *In re Hulet,* 159 Wash. 98, 292 Pac. 430.

In an extensive note under the heading "Illegal or erroneous sentence as ground for habeas corpus," found in 76 A. L. R., beginning on page 468, we find the general rule stated as follows:

"While it is well settled that a writ of habeas corpus cannot be permitted to perform the functions of an appeal or writ of error to review the errors or irregularities of a court of competent jurisdiction, it is equally well established that, if the judgment under which one is restrained of his liberty is void, it may be assailed, and habeas corpus is a proper remedy. The jurisdiction of a court or judge to render a judgment is always a proper subject of inquiry on habeas corpus, and is in fact the primary and generally the only question open to inquiry. While some of the earlier decisions inclined to the view that, when a

court had jurisdiction of the subject-matter and of the person of the defendant, its judgment was conclusive on habeas corpus . . . , it is now generally conceded that, in order to render a judgment immune from attack, the court must have had not only jurisdiction of the subject-matter and of the person of the defendant, but also authority to render the particular judgment in question, and if either of these elements is wanting the judgment is fatally defective and open to collateral attack."

Under the same general heading of the note in 76 A. L. R., at page 476, under the sub-heading "Excessive sentence," we find the following rule announced, which rule is supported by the decisions of the United States supreme court, as well as the majority of the state courts:

"In the case of a sentence which is merely excessive it seems to be well settled, with the exception of a few early cases, that, if the court had jurisdiction of the person and subject-matter of the offense, such sentence is not void ab initio because of the excess, but that it is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on habeas corpus until he has suffered or performed so much of it as it was within the power of the court to impose."

Church on Habeas Corpus (2d ed.), 529, § 373, states the rule as follows:

"The prevailing rule is that an excessive sentence is merely erroneous and voidable; that the whole sentence is not illegal and void because of the excess; that it is not void *ab initio;* and that it is good on habeas corpus so far as the power of the court extends, and invalid only as to the excess."

It is not contended here that the court which imposed the sentence did not have jurisdiction of the person of appellant, or the subject matter, but that

such court was without authority to impose a maximum minimum sentence of more than five years. It is admitted that the maximum of twenty years was authorized by statute, and that appellant has not served such maximum.

While we are of the opinion that the minimum of fourteen years imposed by the trial court in this case was void, being beyond the authority of the court to impose, we are clearly of the opinion that the appellant is not entitled to be discharged in this case, in view of the fact that he has not served the maximum term, which was legally imposed. The appellant, however, having served the minimum which could be legally imposed, is now eligible to be considered by the board of prison, terms, and paroles, as though he had served a lawful minimum sentence, which is the only right appellant would have had in any case, after having served a legal minimum sentence and before he had served the maximum sentence imposed.

In line with the general rule hereinbefore referred to, we find the same rule announced in *State v. Ryan,* 146 Wash. 114, 261 Pac. 775. In the cited case, the defendant, on March 20, 1925, was convicted of the crime of grand larceny, and was sentenced to a term of not less than ten years nor more than fifteen years. No appeal was taken from the judgment, and it became final. No appeal was taken in the instant case. Nothing further was done in the cited case until January, 1927, when the defendant moved the court below to vacate and set aside the judgment and sentence, and substitute a new sentence in conformity with the law. This motion was denied, for the reason that more than one year had expired after the entry of judgment and sentence; that all rights to move against the judgment and sentence and to appeal had expired; and that therefore the court was without jurisdiction to entertain

the motion. The defendant thereupon applied to this court for a writ of mandamus directing the superior court to assume jurisdiction and entertain and dispose of the motion upon the merits. The petition for the writ was by this court denied.

As to the right of the trial court to consider the motion, this court, after citing Rem. Comp. Stat., §§ 303 and 464, stated that these sections provide for relief against judgments for mistake, inadvertence, and excusable neglect, and that the cited statutes, together with the statutory right of appeal within the appealable period, are exclusive. The opinion continues:

"The judgment in this case was not wholly void, but, at most, voidable. The excessive part of the sentence was an error of law, but one made by a court of record and of competent jurisdiction. Had the case been appealed, the trial court would have been directed to let the conviction, which was lawful, stand, but to pronounce the proper sentence. *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102; *State v. Clark,* 98 Wash. 81, 167 Pac. 84; *State v. Nicholes,* 135 Wash. 333, 237 Pac. 706; *State v. Fairchild,* 136 Wash. 132, 238 Pac. 922."

While the opinion in the cited case further states:

"Although the minimum sentence pronounced by the trial court was excessive under our statute, *it* was not an absolute nullity" (italics ours),

we are convinced that what this court had in mind by the use of the word "it" was the entire judgment; in other words, that, while the excessive portion of the sentence was void, the entire judgment was not void because thereof. This contention is justified by the fact that in the case of *In re Blystone,* 75 Wash. 286, 134 Pac. 827, cited in the *Ryan* case, we held that the weight of authority sustains the rule as stated by Justice Jackson, speaking for the court, in *United*

*States v. Pridgeon,* 153 U. S. 48, 153 L. Ed. 631, 14 S. Ct. 146, as follows:

"In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offence, and only *void* as to the excess when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence." (Italics ours.)

Appellant contends the only relief available to him is that to be obtained by *habeas corpus,* and that the *Ryan* case intimates that he is entitled to such relief after having served the legal minimum term which could be imposed. We are not in accord with this contention of appellant. We are of the view that there is now open to appellant the only relief to which he would have been entitled had a legal minimum sentence been imposed, namely, the right to have his case considered by the board of prison, terms, and paroles, as though he had served a lawfully imposed minimum sentence.

However, we are satisfied that, in this proceeding, the lower court did not have the authority to order appellant brought before the board, as the only question before the court was whether or not appellant was being illegally confined.

We conclude, therefore, that appellant is not entitled to the writ prayed for, and except as modified, the judgment of the trial court is affirmed.

BLAKE, C. J., BEALS, MILLARD, and SIMPSON, JJ., concur.