[No. 30048.   Department One.   October 5, 1946.]

*In the Matter of the Application for a Writ of Habeas Corpus by* EDWARD PUCKETT, *Petitioner,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*The Attorney General* and *Edward J. Lehan, Assistant,* for respondent.

ROBINSON, J.—On August 16, 1946, the then chief justice of this court, having examined the application and petition of Edward Puckett for a writ of *habeas corpus,* ordered the respondent to show cause before this court on Thursday, September 12, 1946, why the petition should not be granted. On August 26th, the respondent filed a demurrer to the petition, on the grounds that:

"Said application and petition do not on their face state any grounds to cause the writ of habeas corpus to issue."

The matter came on for hearing on the date fixed in the show cause order.

The petition, by way of introduction, alleges that the petitioner is illegally imprisoned, detained, and restrained of his liberty by the respondent and in support of that conclusion, alleges:

"II.  That the cause of, or pretense of such illegal and unlawful imprisonment is by virtue of two certain judgments and sentences entered by the Superior Court of the

[1]Reported in 173 P. (2d) 171.

State of Washington in and for Lewis County in Cause No. 1178 and Cause No. 1188, copies of said judgments and sentences being attached hereto and marked 'Exhibit A' and 'Exhibit B,' and made a part hereof by reference. . . .

"IV. That said judgments and sentences are void and illegal inasmuch as they set forth therein minimum sentences in excess of that set by law, to wit, five year minimum provided by law."

Duly authenticated copies of the two judgments are before us. The judgment in cause No. 1178 sentences the petitioner to the state penitentiary, of which the respondent is the superintendent, for the crime of robbery

". . . for an indeterminate term; not less than twenty (20) years, nor more than twenty-five (25) years."

The judgment in cause No. 1188 sentences the petitioner to the same penal institution for the crime of robbery for: ". . . not less than fifteen and not more than eighteen years."

These sentences were to run consecutively. The judgments and sentences were entered in 1933; that is, thirteen years preceding this application. The petitioner contends that these judgments are void because they fix minimum sentences in excess of those required by law, to wit, five years, and asserts that, since he has in fact served more than five years on each of said judgments and sentences, he is now unlawfully detained.

The judgments and sentences involved in the instant case were imposed for the crime of robbery. Laws of 1909, chapter 249, p. 938, § 166 (Rem. Rev. Stat., § 2418 [P.P.C. § 118-201]), defines the crime of robbery, and provides that:

". . . Every person who shall commit robbery shall be punished by imprisonment in the state penitentiary *for not less than five years.*" (Italics ours.)

There is no merit in petitioner's contention. In *State v. McMullen,* 142 Wash. 7, 252 Pac. 108, the appellant was convicted of carnally knowing a female child "between the ages of twelve and thirteen years," and sentenced to the penitentiary for a term of "not less than eight nor more than

fifteen years." The judgment was upheld upon appeal, although the statute (Laws of 1919, chapter 132, p. 368, § 1; Rem. Rev. Stat., § 2436 [P. C. § 9108].) provided that the perpetrator of that crime should be punished as follows:

"(2) When such child is ten and under fifteen years of age, by imprisonment in the state penitentiary *for not less than five years*; . . . " [amended by Rem. Supp. 1943, § 2436 (P.P.C. § 118-183)] (Italics ours.)

See, also, *State v. Whidden,* 144 Wash. 511, 258 Pac. 318.

The case of *State ex rel. Scaggs v. Superior Court,* 169 Wash. 292, 13 P. (2d) 1086, is especially in point, because in that case the court was reviewing a decision of a lower court denying an application for a writ of *habeas corpus.* Scaggs, on a plea of guilty to an information charging him with murder in the second degree, was sentenced to confinement in the state penitentiary "for not less than thirty years nor more than fifty years." After serving something more than eleven years, he applied for a writ of *habeas corpus,* contending, as the appellant here contends, that the sentence was void. The contention was based upon the following portion of a section of the statute defining murder in the second degree and fixing the sentence to be imposed. This read:

". . . Murder in the second degree shall be punished by imprisonment in the state penitentiary *for not less than ten years.*" Rem. Rev. Stat., § 2393 [P.P.C. § 117-7] (Italics ours.)

After citing with approval the *McMullen* and *Whidden* cases, *supra,* the court said, in part:

"Counsel for plaintiff cites several cases in support of his contention that the sentence imposed was invalid, in so far as it fixed a minimum in excess of the ten year period fixed by the statute, but we find none of them in point, save the case of *Ex Parte Melosevich,* 36 Nev. 67, 133 Pac. 57, in which the supreme court of Nevada construed a statute of that state in accordance with the contention of counsel for relator.

"The question here presented is important, and we have examined the authorities cited and considered the briefs filed herein with particular care. We are satisfied that the

doctrine laid down by the supreme court of Nevada in the case cited should not be followed, and that the statutory minimum of ten years fixed in the act defining murder in the second degree above referred to simply prescribes a minimum period for all sentences to be imposed upon persons convicted of the crime defined by that section, but that, in imposing sentences thereunder, the superior court may impose a sentence based upon a minimum period of confinement greater than that prescribed in the statute.

"It follows that the sentence imposed upon Cecil Scaggs by the superior court for Pierce county, under which he is now confined in the state penitentiary at Walla Walla, was and is a valid sentence, and that the superior court for Walla Walla county properly ruled that Cecil Scaggs was, in the proceeding instituted before that court, entitled to no relief."

The judgments and sentences, by virtue of which the petitioner is confined in the state penitentiary, are not void. The demurrer to the application and petition must, therefore, be sustained and the writ denied.

It is so ordered.

BEALS, C. J., MILLARD, JEFFERS, and SCHWELLENBACH, JJ., concur.