[No. 16257.    Department One.    February 23, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES W. KELCH, *Appellant*.[1]

CRIMINAL LAW (460)—PUNISHMENT OF SECOND AND SUBSEQUENT OFFENSES—PROCEDURE—SENTENCE. Rem. Code, § 2286, providing for the punishment of habitual criminals who have twice before been convicted of felony, is not a supplemental but a cumulative proceeding, and does not require the charge of a substantive crime; and after a third conviction, the charge of being an habitual criminal is an independent charge which may be tried before a judge of another department of the court, before sentence on the third felony charge; and after conviction of being an habitual criminal, the accused may be sent back for sentence to the judge who tried the last felony charge.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 14, 1920, upon a trial and conviction of being an habitual criminal. Affirmed.

*James M. Palmer*, for appellant.

*Fred C. Brown* and *John A. Frater*, for respondent.

HOLCOMB, J.—The appellant appeals from a conviction and sentence to life imprisonment upon a charge of being an habitual criminal.

Ten assignments of error are made which, con-

[1]Reported in 195 Pac. 1023.

densed, are substantially as follows: (1) that. appellant should have been sentenced after being convicted of grand larceny, and before the second information, charging him with being an habitual criminal, was filed; (2) that the court should have quashed the information charging appellant with being an habitual criminal; (3) that the same judge who tried him on the charge of grand larceny should also have tried him on the charge of being an habitual criminal; (4) that the court which tried him for being an habitual criminal erred in not sentencing him; and (5) that the court which did sentence him, being the same court which tried and convicted him of grand larceny, erred in sentencing him to life imprisonment after being advised by the prosecuting attorney that appellant had been convicted of being an habitual criminal, and that the court was wholly without jurisdiction to so pass sentence upon him.

Appellant brings up two records: (1) the conviction of grand larceny after trial before His Honor, Judge Jurey; and (2) of a conviction of being an habitual criminal upon three convictions for felony.

The original information is not assailed, and there is no question of the sufficiency of the information or the proceedings upon which he was tried on the charge of grand larceny before Judge Jurey. There is no attack made upon the second information except upon the ground that the state had no right to file such second or supplemental information prior to appellant's being sentenced upon the conviction of grand larceny by the judge before whom he was tried therefor. Upon his conviction of grand larceny, and before his sentence, the state filed a supplemental or further information charging him with being an habitual criminal, from having been three times convicted of crime, as denounced in the statute upon habitual criminals,

§ 2286, Rem. Code; and upon this second information appellant was tried before another judge of the superior court of King county, His Honor, Judge Tallman. Upon his plea to the information he was placed upon trial before a jury, and upon the record was convicted. He was then taken before Judge Jurey, who tried him upon the grand larceny charge, and by him sentenced as the statute requires, to life imprisonment.

We think there is no merit in any of appellant's contentions. We have, in State v. Driscoll, 86 Wash. 245, 150 Pac. 2, held that under the previous statutes, §§ 2178 and 2179, Rem. & Bal. Code, which were superseded by § 2286, Rem. Code (State v. Gustafson, 87 Wash. 613, 152 Pac. 335; State v. Cotz, 94 Wash. 163, 161 Pac. 1191), although the statute made no provision for another judge to try a defendant on a supplemental information, the statute provided that the state shall, before sentence, empanel a jury to try the facts of such former conviction; and that, although the statute made no provision for another judge to try the defendant upon a supplemental information, nevertheless this court took notice of the fact that the superior court of King county is composed of several judges. We concluded that, because the facts were determined by different judges of that court, it could not be considered that these facts were not determined by the court, and that it was not error for either judge to take into consideration both verdicts in determining what sentence should be pronounced. In that case it was pointed out that Judge Ronald did not sentence the appellant there upon the original trial before Judge Ronald; that a supplemental trial was had, and that Judge Gilliam, before whom the supplemental trial was had, entered the sentence. We held also that it was not necessary to pronounce judgment upon the original conviction before a trial was had on the supplemental information.

The present statute, § 2286, Rem. Code, does not refer to the proceedings against a person as an habitual criminal as supplemental proceedings, or the information as a supplemental information. It simply provides:

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life." (Rem. Code, § 2286).

Under this statute, a proceeding is not a supplemental proceeding to convict a person of being an habitual criminal; it is a cumulative proceeding, and the only thing that is necessary is that the defendant shall theretofore have been convicted of a crime of which fraud or intent to defraud is an element, or petit larceny, or of some felony, before the new proceeding charging the defendant with being an habitual criminal may be prosecuted. Under this statute, al-

though we never had this exact question presented to us before, the language of Judge Chadwick in his separate concurring opinion in *State v. Cotz, supra,* is applicable. In his separate concurring opinion he says:

"The habitual criminal statute does not require a charge of a substantive crime. The sufficiency of the original information, the facts necessary to sustain a conviction, and the ordinary rules governing pleadings in criminal cases have no application whatever. When the prosecuting attorney has charged, by simple reference to the judgments, that a party has been convicted three times, he has done all that the law requires, for it is not a question of guilt or innocence, but merely a question involving a state of the record, either in the court where the charge is made, or some other court. It is necessary, when pleading a judgment, to say no more than that a judgment (describing it) was rendered in a certain court at a certain time. The only plea open to one so charged is that of *nul tiel record,* or that the judgment has been satisfied in some way recognized by the law."

We adopt that reasoning as appropriate here. The charge of being an habitual criminal was an independent charge and not a continuation of the previous prosecution for grand larceny, except that there had to be a previous conviction of grand larceny or some such charge before the subsequent charge would lie.

Nor was it erroneous for another judge of the superior court of that county to pass sentence upon the person found guilty of being an habitual criminal, for the reason that there is no discretion involved. The sentence to be imposed was mandatory. The court of that county, under the language of the statute, was any or all of the judges of that county, and any of them could pass the sentence imposed by law.

Finding no error, the judgment and sentence are affirmed.

Fullerton, Mackintosh, and Bridges, JJ., concur.

PARKER, C. J. (concurring)—I fear that the language of this decision emphasizes too strongly the independence of an habitual-criminal prosecution from a previous prosecution for another offense, and that the decision leaves some room for arguing that an habitual-criminal prosecution can be lawfully had after and entirely independent of a prosecution in which a final judgment and sentence are rendered upon an information charging another offense. I am convinced that the language of the statute means that an habitual-criminal prosecution can be had only after a finding of guilt of another offense and before the rendering of judgment and sentence upon such finding—which is what was done in this case—and that, after final judgment and sentence rendered upon such finding of guilt of another offense, jurisdiction over the cause, including jurisdiction to proceed under the habitual-criminal statute, ceases to exist.

If this be not the law, one might be accused and found guilty of a number of specified offenses, have judgments rendered against him thereon, pay the penalty of each conviction, and thereafter be subject to prosecution as an habitual criminal unconnected with any other prosecution. I hardly think the foregoing decision means to open the way to such a holding, but I do conceive that its language furnishes some room for argument looking to that end. While I am of the opinion that the trial court did not commit error in entertaining jurisdiction in the habitual-criminal prosecution, I think that court would have committed fatal error had it entertained such jurisdiction after rendering final judgment and sentence upon the verdict in the larceny prosecution.

I concur in the result reached by the majority.