[No. 19851.    Department Two.    April 7, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Isadore Edelstein, Plaintiff,* v. WILLIAM A. HUNEKE, *Judge of the Superior Court for Spokane County, Respondent.*[1]

[1] CRIMINAL LAW (460)—PUNISHMENT OF SUBSEQUENT OFFENSES— TIME FOR DETERMINATION OF ISSUE. Upon the last conviction of a felony of one accused of being an habitual criminal, under Rem. Comp. Stat. § 2286, it is premature for the court to sentence accused for the last offense before trial and determination of the habitual criminal charge; and the accused has no right to insist upon such sentence and appeal therefrom before the other charge is determined (PARKER, J., dissenting).

Application filed in the supreme court February 24, 1926, for a writ of prohibition to the superior court for Spokane county, Huneke, J., to prevent trial upon an information charging relator with being an habitual criminal. Denied.

*Turner, Nuzum & Nuzum, Edward M. Connelly,* and *Groff & Davis,* for plaintiff.

*Chas. H. Leavy* and *A. O. Colburn,* for respondent.

ASKREN, J.—The prosecuting attorney of Spokane county filed an information charging the defendant

¹Reported in 244 Pac. 721.

Edelstein with the crime of burglary. Upon trial, the jury returned a verdict of guilty. Motions in arrest of judgment and for a new trial were duly filed. On January 2, 1926, after such motions had been overruled and denied, the prosecutor filed an information alleging that the defendant was an habitual criminal, based upon six felony convictions prior to the burglary conviction. Upon arraignment, defendant requested further time in which to plead. On the 8th day of January, defendant was sentenced on the burglary charge to serve a term of from 5 to 15 years in the state penitentiary, from which sentence defendant immediately appealed to this court. Thereafter defendant filed a demurrer, motion to quash, and a plea in abatement to the information alleging that he was an habitual criminal, all of which were overruled or denied. On February 16, defendant entered a plea of not guilty, and the cause was set for trial on March 10.

Application was then made to this court for a writ of prohibition to prevent the superior court of Spokane county from proceeding with the trial; or, in the alternative, for a stay of proceedings until this court should decide the appeal which was being prosecuted in the burglary charge. An alternative writ was issued. The superior court answered the alternative writ setting forth the facts hereinbefore stated, asking that it be permitted to proceed with the trial of the question as to whether defendant was an habitual criminal.

It is the contention of the defendant that, upon the trial of the habitual criminal information, the state must of necessity offer evidence of the conviction on the burglary charge; that, while he has been convicted and sentenced upon such charge, the appeal pending in this court nullifies the validity of the conviction until this court has passed upon the merits of the appeal;

that he has no plain, speedy and adequate remedy by
appeal, because, if he is found to be an habitual crim-
inal, the court would sentence him to life imprison-
ment; that, if this court should reverse the conviction
or dismiss the burglary charge on appeal, he would be
in the anomalous position of being found to be an
habitual criminal based on previous convictions, the
most essential one, however, being invalid.

Much of the strength of this contention lies in the ac-
ceptance of the record as it stands, showing a sentence
by the superior court upon the burglary charge, and if
such sentence be valid. But we think the sentence so
imposed was invalid because it was premature, and that
the appeal based thereon was of necessity also prema-
ture under the circumstances. The applicable statute
is § 2286, Rem. Comp. Stat., which reads:

"Every person convicted in this state of any crime
of which fraud or intent to defraud is an element, or of
petit larceny, or of any felony, who shall previously
have been convicted, whether in this state or elsewhere,
of any crime which under the laws of this state would
amount to a felony, or who shall previously have been
twice convicted, whether in this state or elsewhere, of
petit larceny, or of any misdemeanor or gross misde-
meanor of which fraud or intent to defraud is an ele-
ment, shall be adjudged to be an habitual criminal and
shall be punished by imprisonment in the state peni-
tentiary for not less than ten years.

"Every person convicted in this state of any crime
of which fraud or intent to defraud is an element, or
of petit larceny, or of any felony, who shall previously
have been twice convicted, whether in this state or
elsewhere, of any crime which under the laws of this
state would amount to a felony, or who shall previously
have been four times convicted, whether in this state or
elsewhere, of petit larceny, or of any misdemeanor or
gross misdemeanor of which fraud or intent to defraud
is an element, shall be punished by imprisonment in the
state penitentiary for life."

[1]    We think it quite plain under our previous decisions and the statute here involved (§ 2286, Rem. Comp. Stat.), that, to justify a determination that one is an habitual criminal, there must not only be a certain number of prior convictions as specified in the statute, but there must be one conviction immediately prior thereto, and upon which the defendant has not been sentenced.   To hold otherwise would be to place it in the power of the prosecutor at any time after conviction and sentence, and even after the service of sentence, to file such a proceeding, and in effect to require a defendant to be punished twice for the same offense.   The purpose of the filing of an habitual criminal information is to place the court in a position, when it gets ready to pronounce sentence, to determine the previous record of the defendant, and, based upon the immediately preceding conviction and prior convictions, to impose the mandatory sentence required by the statute.

It will be observed from the facts detailed that, after motions in arrest of judgment and for a new trial had been denied and before defendant was sentenced upon the burglary charge, an information was filed charging him with being an habitual criminal.   We think that, while this charge was pending before the court, it was without power to sentence defendant upon the burglary charge until the issue of prior convictions was determined.   It could not know what sentence was mandatory under the statute, until the charge of being an habitual criminal had been tried out.   The sentence of the court, therefore, we think, was a nullity.

It is contended by defendant that he had a right to be sentenced upon the burglary charge and prosecute his appeal thereon, and it seems to be indicated from the oral argument and the briefs that the prosecutor did

not desire a sentence to be imposed upon the burglary charge, but that it was imposed by the court upon request of defendant. He insists that the court has no right to withhold sentence until the habitual criminal hearing should be held and have the whole proceeding brought to this court upon one appeal; that it is his right to bring the burglary charge to this court, untrammeled by the record in the habitual criminal proceeding, and that to require him to do so is a violation of his constitutional rights.

We do not see that there is any invasion of the rights of defendant. The legislature undoubtedly has the right to say that one convicted on a criminal charge shall, upon the showing of prior convictions, be sentenced to a greater term than if there had been no prior convictions, and to require, as it was the evident intent of the legislature, that the question of prior convictions should be determined before sentence was passed, so that the whole case could be brought to this court in one proceeding. As we view it, such action protects the rights of the defendant rather than violates them.

It was said in argument that the habitual criminal proceeding is an independent action on a separate and distinct charge. If by this is meant a separate and distinct offense it must be borne in mind that the statute does not create any offense. It is no crime to be one "who has been previously convicted" no matter how many times. One who has been convicted and served his sentence has paid the penalty of his crime, and may not thereafter be punished again for any or all of the offenses he has committed. Much of the misunderstanding of this and like statutes has arisen from language employed in decisions which seemed to indicate that one who is being tried upon an habitual criminal information is being tried for an offense. The

severer penalty provided by statute for one who is an habitual criminal is not imposed for any offense except the last one upon which the defendant has been convicted, and not yet sentenced. The hearing upon the habitual criminal charge is merely for the purpose of determining what manner of man the defendant is, so that the sentence upon the last offense (in this case the burglary charge) can be in accordance with the statute. The question of previous convictions is important only to determine whether, taken in conjunction with the last offense, the defendant has shown a persistence in crime which authorizes the severer penalty. 16 C. J. 1339; *State v. Collins,* 266 Mo. 93, 180 S. W. 866; *Hyser v. Commonwealth,* 116 Ky. 410, 76 S. W. 174; *State v. Graham,* 68 W. Va. 248, 69 S. E. 1010, 40 L. R. A. (N. S.) 924; *Graham v. State,* 224 U. S. 616.

Some reliance is placed by defendant on our decision in *State v. Kelch,* 114 Wash. 601, 195 Pac. 1023, wherein a defendant claimed that error had been committed by the trial court in permitting the state to file an information charging him with being an habitual criminal prior to being sentenced upon his conviction of grand larceny. This contention was held to be without merit.

Defendant insists that there is language in the opinion which indicates a holding that the proceeding to convict as an habitual criminal is not a supplemental proceeding, but is an independent charge, and not a continuation of the previous prosecution. It was held that the charge is a "cumulative charge," additional to the previous conviction of larceny or the like. We think a careful reading of that case does not indicate a holding of the court that the defendant should be sentenced upon the original conviction and later tried upon an independent charge of being an habitual criminal, although the concurring opinion filed in that case does

call attention to the likelihood that some of the language used in the decision might be construed much as it has been by defendant.

The language used in the decision was in answer to the objection that the habitual criminal charge could not be tried by a different judge than the one who heard the original case of grand larceny, and was not meant to hold that one might be sentenced upon a felony charge and thereafter a charge of being an habitual criminal be filed at the whim or caprice of the prosecutor.

We hold, then, that where an habitual criminal charge has been filed prior to sentence upon an immediate conviction which forms the basis of the habitual criminal charge, the court is without power then to proceed to sentence on the original charge, but must proceed to have the habitual criminal charge disposed of, and then enter sentence upon the whole record.

The sentence in this case being premature, and since all the rights of the defendant will be protected by requiring both proceedings to be brought to this court together, the writ is denied.

TOLMAN, C. J., MITCHELL, and MACKINTOSH, JJ., concur.

PARKER, J. (dissenting)—I cannot concur in the conclusion arrived at by my brethren in the foregoing decision. I am of the opinion that the trial court entirely lost jurisdiction to further proceed in this case when it pronounced final judgment sentencing the accused upon his conviction of the crime of burglary. That judgment, to my mind, was one clearly within the jurisdiction and power of the court to render. I concede that the court acted prematurely in rendering the judgment; but I cannot see that the trial court's action amounted to anything more than mere error as against the state,

and error of that nature with reference to which the state has no appeal or right of review after the rendering of judgment. For this reason, I think the trial court is now wholly without jurisdiction in this case, and that, therefore, its threatened further proceeding therein should now be prohibited by this court, as prayed for. Of course, if this court should award a new trial upon the appeal, the superior court will then be re-invested with jurisdiction. I fully concur with the views of my brethren that the alleged prior convictions cannot be considered as an independent offense.