[No. 19851.  *En Banc.*  October 4, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Isadore R. Edelstein, Plaintiff*, v. WILLIAM A. HUNEKE, *Judge, Defendant*.[1]

[1] CRIMINAL LAW (460)—PUNISHMENT OF SUBSEQUENT OFFENSES—
TIME FOR DETERMINATION OF ISSUE. Under the habitual criminal
statute, Rem. Comp. Stat., § 2286, making no provision for the
procedure, no constitutional right of the accused is violated by
charging and trying the two issues separately; in view of the
long established practice in this state, and the fact that a sep-
arate trial for the offense committed is saved from the danger
of prejudice through combining it with an habitual criminal
charge (PARKER J. dissenting).

Application filed in the supreme court February 24,
1926, for a writ of prohibition to the superior court for
Spokane county, Huneke, J., prohibiting the trial of
relator as an habitual criminal.  Denied.

*Turner, Nuzum & Nuzum, Edward M. Connelly*, and
*Groff & Davis*, for relator.

*Chas. H. Leavy* and *A. O. Colburn*, and *Fred J.
Schaaf*, for respondent. ·

ASKREN, J.—The petitioner, Edelstein, was convicted
of the crime of burglary.  After trial, and before sen-
tence, an information was filed charging him with be-
ing an habitual criminal.  Before determination of this
charge, the trial court sentenced petitioner to an in-
determinate term in the penitentiary, and set the habit-
ual criminal charge for trial.  Application was made·
to this court for a writ of prohibition to prevent the
trial thereof.  We denied the writ upon the ground that,
until the habitual criminal charge had been tried, the
trial court was unable to determine the sentence man-

·[1]Reported in 249 Pac. 784.

datorily required by Rem. Comp. Stat., § 2286 [P. C. § 8721], and held that the trial should be proceeded with and the whole record brought to this court upon one appeal. *State ex rel. Edelstein v. Huneke,* 138 Wash. 495, 244 Pac. 721.

Upon petition for rehearing, a new question was presented to the court which was deemed of sufficient importance to justify a hearing *en banc,* and opinion thereon. This opinion will be confined to that point alone.

[1] It is the contention of petitioner that the original charge of burglary should have contained the averments of previous convictions that would justify a sentence for being an habitual criminal, if it was sought to punish him as such, and that, since it contained none, it is now too late to try out that question.

The Laws of 1903, p. 126, § 2, provided expressly for the practice here followed by the state.

In 1909 (Laws of 1909, p. 899) the law was changed to Rem. Comp. Stat., § 2286, as follows:

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have

been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life."

It will be seen that this statute makes no provision for the procedure to be followed in such cases. Petitioner claims that since by Rem. Comp. Stat., § 143 [P. C. § 8252], the common law is the rule of decision in this state, and by § 2299 [P. C. § 8734], the provisions thereof supplement the penal statutes, in the absence of statutory provision regulating the procedure, we must approve and sanction only that procedure that is rooted in the common law itself.

The industry and research of counsel has fortified this argument with a wealth of decisions which announce the principle firmly ingrained in our criminal law that one may not be sentenced for a second offense, unless the indictment aver and the evidence prove that it is a second offense. The authorities cited are replete with statements of the court to the effect that, since the punishment is greater for a second offense, such an allegation is a material part of the indictment. No contrary rule appears to be supported by authority.

None of the cases cited, however, appear to determine the precise point presented here, which may be stated as follows: Is any constitutional right of a defendant invaded by charging and trying the two issues separately, if no statute prescribes the form of procedure and both be determined before valid sentence passed?

It has been the custom in this state to charge defendants in this manner since the passage of the act of 1903, *supra;* when the act of 1909, *supra,* was passed the prosecutors still continued to charge in the same manner. *State v. Gustafson,* 87 Wash. 613, 152 Pac. 335;

*State v. Cotz,* 94 Wash. 163, 161 Pac. 1191; *State v. Kelch,* 114 Wash. 601, 195 Pac. 1023; *State v. Spencer,* 130 Wash. 595, 228 Pac. 689.

While many questions have arisen under the act, it must be admitted that in none of the cases that have so arisen since the act of 1909, *supra,* has the precise question here presented been decided by us and it is incumbent upon us therefore for the first time to determine this matter. However, a practice long established in this state, which neither rests upon nor conflicts with any statutory provision, should not lightly be set aside unless a consideration of the reasons urged for its rejection show that some right of petitioner has been violated. This of necessity leads us to the practical question of whether the rights of a defendant are safeguarded by the established procedure, or whether the practice contended for by the petitioner will more nearly approach unto that great end which, although not always attained, is the delight of all courts, namely, a fair trial for all defendants, freed from every taint of prejudice.

It seems too plain for argument that to place before a jury the charge in an indictment and to offer evidence on trial as a part of the state's case that the defendant has previously been convicted of one or more offenses is to run a great risk of creating a prejudice in the minds of the jury that no instruction of the court can wholly erase; and while appellate courts will presume that the jury has followed the instructions of the court, yet we cannot blind our eyes to the active danger ever lurking in such action. Courts have so recognized this fact that, although finding no error in the charging and showing to the jury upon an original charge the fact of previous convictions, they have frequently adverted to its danger and suggested ways to eliminate that prej-

udice. In England the matter reached such a point that by statute the principal charge was first required to be found by the jury and then proof of previous conviction was presented to them. *Johnson v. People,* 55 N. Y. 512.

A very able and exhaustive review of the question is given in *People v. Sickles,* 156 N. Y. 541; *Maguire v. Maryland,* 47 Md. 485; *State v. Findling,* 123 Minn. 413, 144 N. W. 142, and *State v. Ferrone,* 96 Conn. 160, 113 Atl. 452.

In *State v. Findling, supra,* the court disposed of this question in the following language:

"The defendant further contends that the matter of the prior conviction was improperly pleaded in the indictment, and, whether properly or improperly pleaded, that the court erred in admitting evidence of the same to go before the jury. This contention cannot be said to be wholly without merit. It may well be urged that the introduction of evidence by the prosecution of prior conviction would naturally tend to prejudice the accused before the jury, and lead to his conviction on general grounds as a bad person, and one that should be under restraint rather than at large. But the authorities do not sustain the contention that such evidence is inadmissible. In fact, by the great weight of opinion it is held that the evidence, and a verdict of the jury finding the prior conviction, are essential to the power of the court to impose the increased punishment. At least such is the rule in nearly all the states where no statutory method of determining the prior conviction is prescribed. . . . We follow and apply the general rule, though it may be remarked in passing, that entire fairness in prosecutions of this character would suggest some statutory change in the law, dispensing with the necessity of pleading the fact of prior conviction, and providing for the determination thereof by the court after conviction of the charge on trial. This would avoid any possible prejudice to defendant."

In *State v. Ferrone, supra,* the court, although calling attention to the great danger of prejudice in such a case, sets out a procedure that it believes to be fair to the defendant, which is much the same as the English statute, saying:

"The information should be divided into two parts. In the first, the particular offense with which the accused is charged should be set forth; and this should be upon the first page of the information and signed by the prosecuting officer. In the second part the former convictions should be alleged, and this should be upon the second page of the information, separable from the first page and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been empaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, and they should be charged to inquire on that issue."

It was, no doubt, in recognition of the prejudice that might be created that the legislature in 1903 saw fit to provide a procedure that protected the rights of the defendant in such cases. Counsel for petitioner urges that the failure to provide for procedure in the Laws of 1909, p. 899, should be construed to be an intention of the legislature to abandon the defendant to the harsh rule followed under the common law. While there is much force in this argument, still we cannot agree that the refusal of a prosecutor to apply the harsher rule

vitiates the proceedings. No right of petitioner appears to be violated. No defendant has any right to demand that a certain procedure be followed, unless the failure to do so may possibly work to his detriment. In nearly all of the cases cited by counsel for petitioner will be found, in one form or another, the rule that no man shall be punished for a crime as a second offense, until the question of whether it is a second offense has been submitted to a jury and their verdict returned. An exhaustive review fails to disclose a single case where the fact of a second conviction was sought to be determined by indictment regularly found at the close of the trial upon a felony charge and before valid sentence passed, as was done in this case.

It can hardly be doubted that, if the burglary charge had contained the averment of previous convictions, petitioner would most strenuously have objected to their inclusion because of the prejudice engendered thereby, and that his sole reason for urging it now is that, since the burglary charge has been tried, it would be too late to apply this harsh rule to him. The result, however, of a decision agreeable with petitioner's argument would be to place a very great burden upon all future defendants in like cases.

The rule followed in this case protects every right of the petitioner, is consonant with the legislative intent at the only time it was expressed as to procedure, reflects an enlightened view of justice towards all defendants, and we think should be approved.

The writ is denied.

TOLMAN, C. J., HOLCOMB, MAIN, MITCHELL, BRIDGES, and MACKINTOSH, JJ., concur.

PARKER, J. (dissenting)—I dissent upon the grounds stated in my dissent to the original department opinion, 138 Wash. 495, 244 Pac. 721. I also dissent upon

the ground that the relator, in my opinion, was entitled to be advised by the original information, or in any event by supplemental information filed before being required to plead to the original information, of the intent of the prosecution to seek his conviction of being an habitual criminal. In other words, I think such an accused person has the right to be advised of the whole cumulative penalty which the prosecution seeks to have the state inflict upon him, before he shall be required to plead to the original, as well as to the supplemental, charge. The prosecution's effort to secure a conviction of an offense carrying a long, and in some cases a life, penitentiary sentence, surely should be brought to the attention of such an accused before he is called upon to enter the first stage of his defense. A mere separate misdemeanor charge manifestly does not so inform an accused.

## ON PETITION FOR REHEARING.

### [*En Banc.* November 16, 1926.]

PER CURIAM.—The petition for rehearing in this case calls attention to the fact that the opinion fails to state specifically that the question raised by petitioner, that the procedure violated the "Due Process" clause of the Federal Constitution, was passed upon.

In holding that no constitutional right of the petitioner was violated, we meant to hold that the procedure followed was not violative of the "Due Process" clause of the 14th Amendment to the constitution of the United States nor of Article III of the state constitution.