[No. 25295. *En Banc.* April 2, 1935.]

THE STATE OF WASHINGTON, *Respondent,* v. GORDON KIRKPATRICK, *Appellant.*[1]

[1]Reported in 43 P. (2d) 44.

**314**

*H. L. Parr (Adam Beeler,* of counsel), for appellant.

*Smith Troy, E. A. Philbrick,* and *Harold P. Troy,*
for respondent.

BLAKE, J. — In an information containing three
counts, defendant was charged with the crimes (1) of
burglary in the second degree, (2) of grand larceny,
and (3) of being an habitual criminal. He was tried
on all three counts at the same time, was found guilty
on all three, and sentenced to life imprisonment. He
appeals, assigning error in the following particulars:
The joining in the same information of the charge of
being an habitual criminal with the charges of bur-
glary in the second degree and grand larceny; and the
presentation of all three offenses to a jury in a single
trial.

The question has never been presented to us in
this exact form. The subject, however, was exhaus-
tively examined and discussed in the case of *State ex
rel. Edelstein v. Huneke,* 140 Wash. 385, 249 Pac. 784.
There is no distinction between that case and this, ex-
cept that the contention there made by the relator (de-
fendant) is here made by the state. In that case, Edel-
stein, who had theretofore been convicted of the crime
of burglary in the second degree, was charged in a sep-
arate information with being an habitual criminal. He
applied to this court for a writ of prohibition to pre-
vent the lower court from proceeding with the trial of
the habitual criminal charge. His contention was that,
in order to try one under a statute denouncing an ag-
gravated penalty for a second or third offense, the
facts pertinent thereto must be set up in the same in-
formation charging the substantive crime. This was
the practice at common law, and is the practice pre-
vailing in most of the states. *People v. Sickles,* 156 N.
Y. 541, 51 N. E. 288; *Maguire v. Maryland,* 47 Md. 485;

*State v. Findling,* 123 Minn. 413, 144 N. W. 142, 49 L. R. A. (N. S.) 449.

There being no statute prescribing the procedure in such cases, it was relator's contention in that case (and is the state's position in this) that we are bound to follow the common law practice. This court, however, declined to take the position that the common law practice should be inflexibly applied in this state. While it was held in that case only that it was not necessary to couple the habitual criminal charge in the same information with the substantive offense, the reasoning by which the holding was arrived at is equally, or even more, applicable to the situation in the instant case. The court there said:

"It seems too plain for argument that to place before a jury the charge in an indictment and to offer evidence on trial as a part of the state's case that the defendant has previously been convicted of one or more offenses is to run a great risk of creating a prejudice in the minds of the jury that no instruction of the court can wholly erase; and while appellate courts will presume that the jury has followed the instructions of the court, yet we cannot blind our eyes to the active danger ever lurking in such action. Courts have so recognized this fact that, although finding no error in the charging and showing to the jury upon an original charge the fact of previous convictions, they have frequently adverted to its danger and suggested ways to eliminate that prejudice."

The court then cited with approval the practice prescribed by the supreme court of Connecticut in the case of *State v. Ferrone,* 96 Conn. 160, 113 Atl. 452. That practice is simply this: The habitual criminal charge *may* be joined in the same information charging the substantive crime. If it is so joined, it must be upon a separate sheet of paper and in no wise called to the attention of the jury during the trial of the substantive offense. Upon conviction of the substantive offense,

the habitual criminal charge *may* then be submitted to the same jury without reswearing them.

If it was not made sufficiently clear in the *Edelstein* case, we now say that we refuse to be bound by an archaic common law practice which impinges upon the fair and impartial trial guaranteed by the constitution to everyone charged with a criminal offense. That the common law rule does infringe upon the right of fair trial, is acknowledged even by courts which apply it. In *State v. Findling, supra,* it is said:

"We follow and apply the general rule, though it may be remarked, in passing, that entire fairness in prosecutions of this character would suggest some statutory change in the law, dispensing with the necessity of pleading the fact of prior conviction, and providing for the determination thereof by the court after conviction of the charge on trial. This would avoid any possible prejudice to defendant."

The judgment is reversed, and the cause remanded with directions to grant a new trial.

BEALS, STEINERT, GERAGHTY, TOLMAN, MAIN, and MITCHELL, JJ., concur.

HOLCOMB, J. (dissenting) — No constitutional right of appellant was violated in this case by the joinder in the same information of the charge of being an habitual criminal with the charges of burglary in the second degree and grand larceny and presentation of all three offenses to a jury in a single trial. *State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 Pac. 784, held that no constitutional right of the accused was violated by charging and trying the two issues separately, in view of the long established practice in the state and the fact that a separate trial for the offense committed was saved from the danger of prejudice through combining it with an habitual criminal charge. We there also said:

"No defendant has any right to demand that a certain procedure be followed, unless the failure to do so may possibly work to his detriment."

There can be no possible prejudice to an accused who is also accused of being an habitual criminal by alleging former convictions in the same information and trial thereof. During the prohibition era, violations of our state bone-dry law were prosecuted and the statute peremptorily prescribed that previous convictions should be alleged in the same information, which was always done. If there were any possible prejudice to any class of offenders, it would certainly arise in such a prosecution. For these reasons, I dissent.

The judgment should be affirmed.

MILLARD, C. J. (dissenting)—I dissent. The recidivist is not entitled to the same consideration that is accorded to a first offender. Society has so decreed, as it has the right to do. Fewer speeches by lawyers and judges on the subject of crime and more examples of swift and sure justice are what we need to curb the criminally minded.