[No. 26071. Department One. April 1, 1936.]

THE STATE OF WASHINGTON, *Appellant*, v. FRANK PLAUTZ, *Respondent*.[1]

*Warren G. Magnuson* and *Carl R. Heussy*, for appellant.

TOLMAN, J.—On November 13, 1935, there was filed in the office of the clerk of the superior court for King county an information, duly verified, which reads:

[1]Reported in 55 P. (2d) 1057.

"I, WARREN G. MAGNUSON, Prosecuting Attorney in and for the county of King, state of Washington, come now here in the name and by the authority of the state of Washington, and by this information do accuse FRANK PLAUTZ alias FRANK MOORE alias PETER SMITH of BEING AN HABITUAL CRIMINAL, as follows, to-wit:

"He, said FRANK PLAUTZ alias FRANK MOORE alias PETER SMITH, in the county of King, state of Washington on the 29th day of March, 1934, in the Justice Court before the Honorable William L. Hoar, Justice of the Peace in and for Seattle Precinct, county of King, state of Washington in cause numbered 4354 in said court, was convicted of the crime of petit larceny the same amounting to and being a gross misdemeanor at that time and at all times since, under the laws of the state of Washington;

"He, said FRANK PLAUTZ, alias FRANK MOORE alias PETER SMITH, in the county of King, state of Washington, on the 4th day of November, 1935, in the Justice Court before the Honorable William L. Hoar, Justice of the Peace in and for Seattle Precinct, county of King, state of Washington, in cause numbered 5501 in said court, was convicted of the crime of petit larceny the same amounting to and being a gross misdemeanor at that time and at all times since, under the laws of the state of Washington;

"He, said FRANK PLAUTZ alias FRANK MOORE alias PETER SMITH, in the county of Skagit, state of Washington, on the 27th day of February, 1933, in the Justice Court before the Honorable J. M. Shields, Justice of the Peace in and for Mount Vernon Precinct, county of Skagit, state of Washington, in cause numbered 408 Docket A in said court, was convicted of the crime of petit larceny, the same amounting to and being a gross misdemeanor at that time and at all times since, under the laws of the state of Washington.

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington.

"WARREN G. MAGNUSON."

To this information, a demurrer was interposed, which was sustained. The state elected to stand on the information, and a judgment of dismissal followed. The state has appealed.

The appellant seems to urge that the procedure in cases involving the charge of being an habitual criminal, as heretofore outlined by this court, leads to unfortunate results in those cases where the previous convictions and the substantive offense are but misdemeanors of which a justice of the peace has jurisdiction. We cannot follow this argument or accept this view. The prosecutors in the exercise of due diligence can readily ascertain who are habitual offenders, and in those cases thought to fall under the habitual criminal act, informations may be filed directly in the superior court.

The procedure to be followed was by this court carefully outlined in *State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 Pac. 784. That decision was reviewed, construed and amplified by this court in *State v. Kirkpatrick,* 181 Wash. 313, 43 P. (2d) 44, and the procedure thus deliberately adopted and reaffirmed must be accepted.

The judgment is affirmed.

MILLARD, C. J., MITCHELL, STEINERT, and GERAGHTY, JJ., concur.