[No. 26148. Department One. August 21, 1936.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
FOWLER, *Appellant*.[1]

*E. R. Lindsey,* for appellant.

*Ralph Foley, Carl P. Lang,* and *Harvey Erickson,*
for respondent.

MITCHELL, J.—George Fowler was convicted by a
jury, in the superior court for Spokane county, of the
crime of grand larceny, on December 5, 1935. There-
upon, prior to the entry of any judgment on the ver-
dict, an information was filed against him, under Rem.
Rev. Stat., § 2286 [P. C. § 8721], charging him with
being an habitual criminal on account of having been

[1]Reported in 60 P. (2d) 83.

convicted of the grand larceny charge, just referred to, and four prior convictions of petit larceny, particularly describing the several convictions. Upon a plea of not guilty in the habitual criminal prosecution, the jury brought in a verdict in which they found the defendant guilty of being an habitual criminal, and further found that the defendant had been convicted of petit larceny four times prior to December 4, 1935.

Thereupon judgment and sentence were entered against the defendant as being an habitual criminal. He has appealed.

■ The first assignment of error is that the judgment and sentence are void as being unknown to the laws of the state. A charge or accusation of this kind, however, is specially provided for in Rem. Rev. Stat., § 2286 [P. C. § 8721]. The verdict of guilty supports the judgment and sentence.

■ The second assignment of error is that the court had no jurisdiction to try the case or pronounce judgment and sentence, there being nothing set forth in the information charging a crime known to the laws of the state or to confer jurisdiction on the court to hear and try and sentence the defendant.

The statute, just referred to, provides for judgment and sentence of being an habitual criminal where the facts required under the statute are pled and proven. This assignment, as argued, goes mostly to the procedure adopted, the contention being that, because the information does not charge something which *per se* is a crime, there can be no prosecution or conviction. Our decisions, however, are to the contrary. The procedure, approved in *State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 Pac. 784; *State v. Kirkpatrick,* 181 Wash. 313, 43 P. (2d) 44, and *State v. Plautz,* 185 Wash. 578, 55 P. (2d) 1057, was followed in the prosecution in the present case.

452

Under another assignment, it is again argued that the whole procedure is contrary to the due process of law clause of the fourteenth amendment to the Constitution of the United States. We held, however, in *State ex rel. Edelstein v. Huneke, supra,* that no right of a defendant was violated by the statute and procedure applicable in such cases.

It is finally claimed that the statute, together with the procedure, amounts to *ex post facto* law, and is void. There is no merit in this argument. The statute was enacted long before appellant started his career of crime, and the procedure meets with the expressed approval of this and other courts, as shown by cases already cited and others therein mentioned.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.