[No. 26454. Department Two. January 29, 1937.]

THE STATE OF WASHINGTON, *Respondent*, v. LYNN
DELANO, *Appellant*.[1]

*Daniel S. Bigelow* and *Wallace G. Mills,* for appellant.

*Smith Troy* and *E. A. Philbrick,* for respondent.

HOLCOMB, J.—This appeal is from a conviction in the lower court on a felony charge and of being an habitual criminal. A sentence of life imprisonment was imposed.

On December 19, 1935, appellant was first charged by the prosecutor of the crime of forgery in the first degree in the manner related in the information. On July 18, 1936, by an amended information, he was charged with the same offense by the prosecutor, to which he pleaded not guilty, and counsel (not the

[1]Reported in 64 P. (2d) 511.

present counsel) was appointed for his defense. On July 22, 1936, appellant was placed on trial before a jury, which found him guilty of the offense as charged.

After the return of the verdict of guilty as charged in the substantive case, the prosecutor, on the same day, filed an information against him as an habitual criminal, in that he had been convicted of the crime of grand larceny in the superior court of Washington for Pierce county on March 18, 1928; also, he had been convicted, in Lewis county, of the crime of grand larceny and on a second count of the same information on April 12, 1930; that he had been convicted of the crime of grand larceny in Thurston county on March 5, 1936; and that he had been convicted of the crime of forgery in the first degree on July 22, 1936.

Appellant was ably and vigorously defended by competent counsel in the trial below. Objection was made by him to being forced to immediate trial on the habitual criminal accusation. That is now assigned and forcefully argued as the first error.

In *State v. Kirkpatrick,* 181 Wash. 313, 43 P. (2d) 44, relied upon by appellant, we said:

"The habitual criminal charge *may* be joined in the same information charging the substantive crime. If it is so joined, it must be upon a separate sheet of paper and in no wise called to the attention of the jury during the trial of the substantive offense. Upon conviction of the substantive offense, the habitual criminal charge *may* then be submitted to the same jury without reswearing them."

See, also, *State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 Pac. 784, 250 Pac. 469.

That is precisely the procedure that was followed by the prosecutor in this case. The information upon the habitual criminal charge was in no wise brought to the attention of the jury during the trial of the felony

charge. In fact, it was not filed until the jury had returned its verdict of guilty in the forgery trial. That assignment is therefore untenable.

Appellant vigorously contends that he could not possibly have prepared for trial on the habitual criminal charge immediately. He was placed upon the witness stand in his own behalf and admitted that he had been convicted of grand larceny in Pierce county in 1928, in Lewis county in 1930, although he asserted that he had been convicted on one and sentenced on one; and in Thurston county in 1935.

Since Rem. Rev. Stat., § 2286 [P. C. § 8721], prescribes that, if the accused shall have been convicted of two previous felony charges, he may be convicted of being an habitual criminal, we cannot conceive how he could have any possible defense as to the three previous charges of which he admitted having been convicted.

Rem. Rev. Stat., § 2290 [P. C. § 8725], provides that every person convicted of a crime shall be competent as a witness, but the conviction may be proved for the purpose of affecting the weight of his testimony, either by the record or by cross-examination. *State v. Nichols,* 121 Wash. 406, 209 Pac. 689. See, also, to the same effect, *State v. Turner,* 115 Wash. 170, 196 Pac. 638, and *State v. Burke,* 124 Wash. 632, 215 Pac. 31.

Even though the accused had not been cross-examined, the records of his prior convictions could have been introduced in evidence. *State v. Pielow,* 141 Wash. 302, 251 Pac. 586; *State v. Dutcher,* 141 Wash. 627, 251 Pac. 879.

The identity of appellant as the accused in each and all of the former convictions was definitely and positively proven. Since he admitted three of the former convictions, we cannot see how there was any possible

prejudice to him in proceeding with the trial immediately after the first verdict was determined by the jury. He doubtless knew that the habitual criminal charge would be filed.

Two other assignments are argued, have been examined, and are not well taken.

There was no error in the proceedings, and the judgment and sentence are affirmed.

STEINERT, C. J., TOLMAN, BEALS, and ROBINSON, JJ., concur.