[No. 28586.   Department Two.   March 19, 1942.]

*In the Matter of the Petition of* JAMES LOMBARDI *for a Writ of Habeas Corpus.*[1]

[1]Reported in 123 P. (2d) 764.

*James Lombardi, pro se.*

*The Attorney General, Shirley R. Marsh,* and *Hugh A. Dressel, Assistants,* for respondent.

*Hanel & Lower, amici curiae.*

BEALS, J.—James Lombardi has filed in this court his petition for a writ of *habeas corpus,* claiming that he is at present confined in the state penitentiary at Walla Walla without warrant of law.

It appears that the petitioner was, during the spring of 1924, by information filed with the superior court for Spokane county; charged with the crime of grand larceny. To the information, Lombardi entered a plea of not guilty. June 8, 1924, upon his trial, the jury returned a verdict of guilty as charged. Thereafter, for the crime of which he had been convicted, Lombardi was sentenced to confinement in the state penitentiary for a period of not less than ten years nor more than fifteen years. June 14, 1924, the formal judgment of guilty and the sentence imposed were reduced to writing and signed by the judge of the superior court before whom petitioner had been tried. The usual commitment was regularly issued on the date of the signing of the judgment and sentence.

June 14, 1924, the same day that judgment and sentence was signed, an information was filed before the superior court for Spokane county, alleging that Lombardi had been thrice convicted of felonies before his conviction of the crime of grand larceny above referred to, the information also alleging the conviction of the crime of grand larceny, June 8, 1924, as above set forth. To this information Lombardi entered a plea of not guilty. The jury found Lombardi guilty as charged,

sentence was pronounced, and October 14, 1924, formal written judgment and sentence was entered, directing that Lombardi be confined in the state penitentiary for the period of his natural life. The commitment was regularly entered upon this judgment, and Lombardi was conveyed to the penitentiary, where he has ever since been confined.

It appears, then, that the judgment and sentence entered pursuant to the verdict of guilty of the crime of grand larceny was signed June 14th, and that the information charging Lombardi with being an habitual criminal was filed on the same day. Until the filing of the latter information, the record in the grand larceny case was perfectly clear, and no reason appeared in the record why petitioner should not be sentenced pursuant to the verdict of conviction.

In the case of *State ex rel. Edelstein v. Huneke,* 138 Wash. 495, 244 Pac. 721 (reaffirmed upon rehearing, 140 Wash. 385, 249 Pac. 784, 250 Pac. 469), this court said:

"We think it quite plain under our previous decisions and the statute here involved (§ 2286, Rem. Comp. Stat.), that, to justify a determination that one is an habitual criminal, there must not only be a certain number of prior convictions as specified in the statute, but there must be one conviction immediately prior thereto, and upon which the defendant has not been sentenced. The purpose of the filing of an habitual criminal information is to place the court in a position, when it gets ready to pronounce sentence, to determine the previous record of the defendant, and, based upon the immediately preceding conviction and prior convictions, to impose the mandatory sentence required by the statute.

"It will be observed from the facts detailed that, after motions in arrest of judgment and for a new trial had been denied and before defendant was sentenced upon the burglary charge, an information was filed charging him with being an habitual criminal. We

think that, while this charge was pending before the court, it was without power to sentence defendant upon the burglary charge until the issue of prior convictions was determined. It could not know what sentence was mandatory under the statute, until the charge of being an habitual criminal had been tried out. The sentence of the court, therefore, we think, was a nullity."

In the case of *State v. Kirkpatrick,* 181 Wash. 313, 43 P. (2d) 44, we approved the rule laid down in the *Edelstein* case, further illustrating the matter of the procedure to be followed in determining the status of one convicted of crime as an habitual criminal. The two cases above referred to were cited with approval in the case of *State v. Plautz,* 185 Wash. 578, 55 P. (2d) 1057.

This court has held that one charged with being an habitual criminal is not charged with a substantive crime, but merely with a status, which, if the charge is substantiated, calls for increased punishment for the latest crime of which the accused has been convicted, the habitual criminal charge being related to the conviction of a substantive crime only to the extent that the sentence is mandatorily made more severe. *State v. Johnson,* 194 Wash. 438, 78 P. (2d) 561; *State v. Domanski,* 5 Wn. (2d) 686, 106 P. (2d) 591.

A judgment of guilty of the crime of habitual criminal and a sentence for that supposed crime, entered pursuant to the judgment, is not merely erroneous or irregular, but is void. *Blake v. Mahoney,* 9 Wn. (2d) 110, 113 P. (2d) 1028.

On behalf of the state, it is argued that the statute (Rem. Rev. Stat., § 2286 [P. C. § 8721]) creates an independent substantive crime, to wit, being an habitual criminal, *State v. Kelch,* 114 Wash. 601, 195 Pac.

1023, being cited in support of the proposition stated. The *Kelch* case was considered in deciding the case of *State ex rel. Edelstein v. Huneke, supra,* and it has now been definitely established as the law of this jurisdiction that a charge of being an habitual criminal is not a charge of a crime or of a substantive criminal offense. *State v. Fowler,* 187 Wash. 450, 60 P. (2d) 83, and cases above cited.

In the case at bar, then, there is presented this situation: Petitioner, having been convicted of the crime of grand larceny, was formally sentenced, and the judgment of guilty and sentence was signed June 14, 1924. On the same day, the habitual criminal information was filed in the office of the clerk of the superior court. From the record before us, it is impossible to determine the exact time that the judgment was signed and the minute the information was filed. In the absence of any showing as to which event occurred first, every presumption is in favor of the validity of the formal judgment of the court, and, of course, if that judgment became effective prior to the filing of the information, the judgment is valid because entered while the record was clear and the entry of such a judgment entirely in order. 31 Am. Jur. 76, § 413. The judgment, then, having been valid when rendered, an information subsequently filed, charging petitioner with being an habitual criminal, was a mere nullity, and his trial and conviction upon that information and his sentence pursuant to that conviction were void.

Petitioner, having served his full sentence under the judgment of guilty of the crime of grand larceny, is now entitled to his discharge from confinement. The judgment under which petitioner is now being restrained of his liberty being void, the writ of *habeas corpus* is available to him.

The rule is stated in 76 A. L. R. 468, as follows:

"While it is well settled that a writ of habeas corpus cannot be permitted to perform the functions of an appeal or writ of error to review the errors or irregularities of a court of competent jurisdiction, it is equally well established that, if the judgment under which one is restrained of his liberty is void, it may be assailed, and habeas corpus is a proper remedy."

See, also, 25 Am. Jur. 184, § 55.

The question was considered in the following cases: *In re Blystone,* 75 Wash. 286, 134 Pac. 827; *Williams v. McCauley,* 7 Wn. (2d) 1, 108 P. (2d) 822; and *Voigt v. Mahoney,* 10 Wn. (2d) 157, 116 P. (2d) 300.

The writ of *habeas corpus* prayed for by the petitioner is accordingly granted. The matter has been here considered as a hearing upon the writ. The petitioner, James Lombardi, will be discharged from custody in the state penitentiary, by reason of the expiration of the lawful sentence pursuant to which he was confined.

ROBINSON, C. J., SIMPSON, and JEFFERS, JJ., concur.

MILLARD, J. (dissenting)—As I deem the judgment and sentence are valid, the petitioner's application for writ of *habeas corpus* should be denied.