[No. 28815. Department One. September 22, 1942.]

*In the Matter of the Petition of* DON TOWNE *for a Writ of Habeas Corpus.*[1]

[1] Reported in 129 P. (2d) 230.

634

*Don Towne, pro se.*

*The Attorney General, Shirley R. Marsh, Assistant,* and *K. E. Serier,* for respondent.

STEINERT, J.—Don Towne, alias Donald Towne, filed in this court his petition for a writ of *habeas corpus,* alleging that he is being illegally restrained of his liberty by the superintendent of the state penitentiary. In response to an order to show cause, the superintendent made a return reciting the facts concerning petitioner's incarceration and detention, and, in justification of his continued restraint of the prisoner, presented certified copies of the various legal proceedings leading to petitioner's commitment.

The history of this case is fully shown by the record now before us, as follows: On May 21, 1934, petitioner was convicted of the crime of burglary in the second degree and was sentenced to confinement in the state reformatory for a period of not less than six, nor more than eighteen, months, the sentence being at the same time suspended during good behavior. On October 21, 1937, an information was filed in Benton county, in

cause number 758, charging petitioner with the crime of robbery. Petitioner pleaded not guilty and proceeded to trial before a jury on the same day. The trial concluded late in the afternoon of October 22nd, and, on the following day, at 12:10 o'clock p. m., the jury returned a verdict finding petitioner guilty of the lesser, and included, crime of petit larceny.

Immediately thereafter, the prosecuting attorney filed an information in the same cause, number 758, charging petitioner with being an habitual criminal. Petitioner pleaded not guilty and at once submitted himself to trial before a jury then empaneled. At the conclusion of the evidence, the jury after a brief deliberation returned a verdict of guilty upon the latter charge, and in support of its verdict brought in special findings of petitioner's previous convictions. Two days later, October 25, 1937, petitioner served and filed his motion in arrest of judgment with reference to the latter conviction. On October 28th, the court denied the motion, and likewise petitioner's motion for new trial. On the same day, the court signed and entered its judgment upon the petit larceny conviction, imposing a sentence of confinement in the county jail for a period of four months and twenty-two days, with credit allowed to petitioner for the time he had already spent in jail since his arrest.

On that day, October 28, 1937, the court also signed and entered its judgment upon the habitual criminal verdict. That judgment recited the previous convictions of the petitioner, declared him guilty of the crime of being an habitual criminal by reason of such convictions, and imposed a sentence of confinement in the state penitentiary for a period of not more than twenty, nor less than ten, years. This latter judgment was recorded in the superior court journal ahead of the judgment upon the petit larceny conviction, but for

the purposes of this case we will assume, as petitioner has assumed, that the judgment upon the petit larceny charge was entered first. On December 13, 1937, the court, on motion of the petitioner, signed and entered an amended judgment striking the minimum term of confinement in the penitentiary, as fixed in the original judgment of conviction upon the habitual criminal charge. That fact is, however, of no importance here.

Upon the hearing in this court, two questions are presented for our decision: (1) Is the petitioner now held in confinement under a valid sentence and commitment, and (2), if he is not so held, is he therefore now entitled to an immediate and absolute discharge from any custody exercised by the prison authorities? There is no dispute between the parties upon the first question, for the respondent concedes that the sentence under which petitioner stands committed and imprisoned in the penitentiary is invalid. We shall nevertheless consider and rule upon that question.

■ This court has definitely held that one charged with being an habitual criminal is not thereby charged with a substantive crime but merely with a *status*, which, if the charge is substantiated, calls for increased punishment for the latest crime of which the accused has been convicted; further, that the habitual criminal charge is related to the conviction for a prior substantive crime only to the extent that the sentence for that crime is mandatorily made more severe. *State ex rel. Edelstein v. Huneke,* 138 Wash. 495, 244 Pac. 721; *State v. Fowler,* 187 Wash. 450, 60 P. (2d) 83; *State v. Johnson,* 194 Wash. 438, 78 P. (2d) 561; *State v. Domanski,* 5 Wn. (2d) 686, 106 P. (2d) 591; *Blake v. Mahoney,* 9 Wn. (2d) 110, 113 P. (2d) 1028; *In re Lombardi,* 13 Wn. (2d) 1, 123 P. (2d) 764; *In re Cress,*

13 Wn. (2d) 7, 123 P. (2d) 767; accord, *State v. Furth,* 5 Wn. (2d) 1, 104 P. (2d) 925.

We have also held that any judgment of conviction for the alleged crime of being an habitual criminal, and any sentence based upon such judgment, are not merely erroneous or irregular, but are absolutely void. *Blake v. Mahoney, supra; In re Lombardi, supra; In re Cress, supra; State v. Dooly, ante* p. 459, 128 P. (2d) 486.

We have further held that if a judgment under which one is restrained of his liberty is utterly void, and not merely voidable, it may be assailed, and *habeas corpus* is a proper remedy. *In re Lombardi, supra;* accord, *In re Blystone,* 75 Wash. 286, 134 Pac. 827; *Williams v. McCauley,* 7 Wn. (2d) 1, 108 P. (2d) 822; *Voigt v. Mahoney,* 10 Wn. (2d) 157, 116 P. (2d) 300. Such is the rule generally. See 25 Am. Jur. 184, Habeas Corpus, § 55; 29 C. J. 51, Habeas Corpus, § 46; Note (1932) 76 A. L. R. 468, 495.

From the face of the record in this case, it clearly appears that the petitioner was sentenced to confinement in the state penitentiary solely upon a judgment of conviction for the supposititious crime of being an habitual criminal, and not upon a judgment of conviction for the substantive crime of petit larceny, requiring the imposition of increased punishment because petitioner had in the meantime been adjudged an habitual criminal. The court was without power to render judgment based solely upon the habitual criminal conviction, and consequently that judgment and the sentence thereunder were absolutely void and are now so declared.

We come, then, to the crucial question in this case, namely, whether the petitioner is now entitled to an immediate and absolute discharge from all official custody.

■ As heretofore shown, the record discloses the following pertinent facts: (1) On October 23, 1937, petitioner was found guilty of the crime of petit larceny; (2) *thereafter* on the same day, and in the same cause, an information was filed charging petitioner with being an habitual criminal; (3) on that day, also, he was tried upon the latter charge and was found guilty, that is, he was found to have the status of an habitual criminal by reason of prior convictions; (4) on October 28, 1937, judgment was entered, and sentence imposed, upon petitioner's conviction for the crime of petit larceny; (5) following that, on the same day, judgment was entered, and sentence imposed, upon his conviction, or rather determination, of being an habitual criminal. This latter judgment and sentence we have herein already declared null and void. However, the important factor to be remembered in the determination of the question now under consideration is that the information charging petitioner with being an habitual criminal was filed *after* the return of the verdict finding him guilty of the crime of petit larceny, but *before* the entry of any judgment on that verdict or any other verdict. That order of procedure has been repeatedly approved by this court. *State ex rel. Edelstein v. Huneke,* 138 Wash. 495, 244 Pac. 721; *State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 Pac. 784; *State v. Plautz,* 185 Wash. 578, 55 P. (2d) 1057; *State v. Delano,* 189 Wash. 230, 64 P. (2d) 511; *State v. Courser,* 199 Wash. 559, 92 P. (2d) 264.

■ Filing an habitual criminal charge, following a conviction of the accused for a substantive crime, is not for the purpose of prosecuting or punishing the accused for a separate or distinct offense. The purpose is simply to enable the court to determine the previous criminal record of the defendant and, if the required number of prior convictions has been established, to

impose the mandatory sentence required by statute. Until such pending charge of being an habitual criminal has been tried out, the court is without power to sentence the defendant for the particular crime of which he has been convicted next before the filing of the habitual criminal charge. In *State ex rel. Edelstein v. Huneke,* 138 Wash. 495, 244 Pac. 721, it appears that, after the jury had returned a verdict of guilty upon a charge of burglary, the prosecuting attorney filed an information against the defendant charging him with being an habitual criminal. Thereafter, while the habitual criminal charge was still pending, the trial court sentenced the defendant upon his conviction on the burglary charge. We held the sentence a nullity, saying:

"We think that, while this charge [of being an habitual criminal] was pending before the court, it was without power to sentence defendant upon the burglary charge until the issue of prior convictions was determined. It could not know what sentence was mandatory under the statute, until the charge of being an habitual criminal had been tried out. The sentence of the court [upon the burglary charge], therefore, we think, was a nullity."

In the case at bar, during the time the habitual criminal charge was pending and undetermined the trial court entered judgment sentencing the petitioner to confinement in the county jail upon the petit larceny charge. That judgment was premature and the sentence thereunder was beyond the power of the court to impose. The judgment and sentence are therefore void.

Petitioner's contention herein is predicated upon his assertion that the habitual criminal charge was filed, or must be presumed to have been filed, *after he had been sentenced* upon his conviction on the petit larceny charge, thus bringing him within the rule an-

nounced in the case of *In re Lombardi,* 13 Wn. (2d) 1, 123 P. (2d) 764, already cited herein. In that case, the petitioner was, on June 5, 1924, convicted of the crime of grand larceny. On June 14th, judgment of conviction for the commission of that crime was signed, sentence was formally pronounced, and commitment was issued. On the same day, an information charging the petitioner with being an habitual criminal was filed in the office of the clerk of the superior court, and, on September 15, 1924 (as appears by reference to the original record in that case), the petitioner was found guilty on that charge. On October 14th following, the court signed and entered a formal judgment of conviction and sentence upon the charge of being an habitual criminal. Upon the petitioner's application for a writ of *habeas corpus,* this court held that the writ should issue, for the reason that from the record therein presented it was impossible to determine the exact time that the formal judgment of conviction for burglary was signed, or to fix the precise minute when the habitual criminal information was filed. In the absence of any showing as to which event occurred first, and every presumption being in favor of the validity and effectiveness of a formal judgment of court, we held the judgment of conviction for grand larceny valid and effective, because presumptively it had been entered at a time when the record in that case was clear of any impediment to the entry of judgment upon that conviction. On that ground alone we held that an information *subsequently* filed, charging the petitioner with being an habitual criminal, was a mere nullity, and his trial and conviction thereon, and his sentence pursuant thereto, void. The *Lombardi* case is not only not contrary to our holding herein, but is entirely consistent with, and authority for, our present decision, because in this case it clearly appears that

the habitual criminal information was filed five days *before* the entry of the judgment upon the petit larceny charge, and there can be no possible ground for a presumption to the contrary.

We thus have this situation: Petitioner has been convicted of the crime of petit larceny, and has also been found to be an habitual criminal; he has, furthermore, been sentenced twice, once upon the petit larceny charge, and once upon the habitual criminal charge. But, as already declared herein, both of those sentences are void. Petitioner's status is, therefore, that of a convicted criminal who has not yet been properly sentenced.

There are two recent cases from this court which have dealt explicitly with similar situations: *Blake v. Mahoney, supra,* and *In re Cress, supra.* In the *Blake* case, we said:

"The petitioner is not entitled to be released on *habeas corpus* on account of being held under a void sentence and commitment upon the habitual criminal charge, inasmuch as he may still be sentenced upon the robbery charge [on which he had been most recently convicted] by a proper judgment entered in that case, taking into consideration the habitual criminal conviction. The petitioner should be returned to the court in which he was convicted of robbery for re-sentence."

In the *Cress* case, we reexamined the *Blake* case in the light of certain events which had subsequently transpired in that case. We held that, while the petitioner Cress was entitled to be released from the *particular* custody asserted and enforced by the superintendent of the penitentiary under a commitment of the accused as an habitual criminal, the petitioner was not entitled to an absolute and complete discharge

from custody. We accordingly ordered that the prisoner be delivered by the superintendent into the custody of the sheriff of the county wherein the sentence upon conviction had been imposed, there to be dealt with by the superior court of that county as directed in our order.

Upon the authority of the *Blake* and *Cress* cases, and following the procedure prescribed in the latter case, we now order and direct the superintendent of the state penitentiary, respondent herein, to deliver the petitioner into the custody of the sheriff of Benton county, for resentence by the superior court of that county, taking into consideration the habitual criminal conviction. If, at the expiration of thirty days from the time of his delivery into the custody of the sheriff, the petitioner shall not have been resentenced, he shall have the right to apply to this court for final judgment upon his petition herein.

MILLARD, BLAKE, SIMPSON, and DRIVER, JJ., concur.